LOCK JOINT TUBE COMPANY *v.* CITIZENS TRUST AND SAVINGS BANK OF SOUTH BEND ET AL.

[No. 27,482.   Filed February 24, 1941.]

164

*Arnold, Chipman & Degnan* and *Isadore Rosenfeld,* all of South Bend, for appellant.

*Seebirt, Oare & Deahl,* of South Bend, for appellees.

SWAIM, C. J.—Appellees have entered their special appearance herein for the purpose of filing a motion t·)

dismiss this appeal. The motion assigns as grounds therefor: (1) that the appeal is not a term time appeal; (2) that the appellant served no notice of said appeal on the clerk below; and (3) that the case has been on the docket of this court for more than thirty days and there has been no appearance by the appellees, and no praecipe filed by the appellant in the office of the clerk of this court for service of notice on the appellees.

The judgment from which the appellant seeks to appeal was entered in the Elkhart Superior Court on October 28, 1940, the same being the 37th judicial day of the September, 1940, term of said court. The appellant's prayer for appeal was granted "on the filing of a bond by the plaintiff during the term of this court with such surety as the court may approve, in the penal sum of $200.00." On the same day the appellant filed a praecipe for a transcript directed to the clerk of the Elkhart Superior Court, the body of which praecipe was in the following words, to-wit:

"You are hereby directed to prepare and certify for an appeal to the Supreme Court of Indiana complete transcript of the record in the above entitled cause, including all pleadings and orders and including the appeal bond to be filed within thirty days; but excluding therefrom all superseded pleadings as well as summons, return thereon and affidavit for change of venue."

This praecipe was endorsed "Filed in Open Court Oct. 28, 1940 Thomas M. Long, Clerk Elkhart Superior Court." The typewritten transcript contains a notation in pen and ink that the praecipe "was filed with the clerk of said court by the plaintiff's counsel of record."

Thereafter on the 18th day of November, 1940, "the same being in vacation of the Elkhart Superior Court of Indiana, in Chambers and before the same Honorable

Judge aforesaid" the appellant filed an appeal bond on which were the following endorsements:

"10-29-40 O. K.

S. O. & D. Per Oare.

Taken and approved this 18th day of November, 1940.                    William E. Wider, Judge.

Filed Nov. 18, 1940 Thomas M. Long, Clerk Elkhart Superior Court."

Said bond, after describing the judgment, contained the statement, "Whereas, the said Lock Joint Tube Company has appealed therefrom to the Supreme Court of the State of Indiana; . . ."

The appellant after filing the appeal bond apparently abandoned it's term time appeal and, on November 20, 1940, served on the attorneys for the appellees a proper written notice of appeal directed to each and all of the appellees. The attorneys for the appellees acknowledged service and the receipt of a copy of such notice.

The transcript and assignment of errors were filed in the office of the clerk of this court on December 2, 1940, and since that time no steps have been taken by the appellant to obtain service of a notice on the appellees and the appellees have not entered their appearance herein except specially as hereinbefore shown.

The statute in reference to appeals after term (§ 2-3206, Burns' 1933, § 482, Baldwin's 1934), provides two methods of perfecting such appeals. The appellant attempted to follow the first method which requires that, "After the close of the term at which the judgment is rendered, an appeal may be taken by the service of a notice in writing on the adverse party, or his attorney, and also on the clerk of the court in which the proceedings were had, stating the appeal from the judgment, or some specific part thereof; . . . "

To perfect an appeal under this first method it is necessary to serve notice of the appeal on the clerk below, as well as on the appellee. This provision of the statute is mandatory. *Bechtell* v. *Central, etc., Engineering Co.* (1914), 182 Ind. 568, 107 N. E. 73; *Peoples State Bank* v. *Bankers Trust Company of Gary* (1936), 102 Ind. App. 647, 4 N. E. (2d) 674; *Fieldhouse* v. *Manrow* (1940), 108 Ind. App. 420, 29 N. E. 354.

In *Bechtell* v. *Central, etc., Engineering Co., supra,* this court at page 571 quoted the language of Chief Justice Taney in *United States* v. *Curry* (1848), 6 How. 106, 12 L.Ed. 363, as follows:

" 'But this court does not feel itself authorized to treat the directions of an act of Congress as it might treat a technical difficulty growing out of ancient rules of the common law. The power to hear and determine a case like this is conferred upon the court by acts of Congress, and the same authority which gives the jurisdiction has pointed out the manner in which the case shall be brought before us; and we have no power to dispense with any of these provisions, nor to change or modify them. And if the mode prescribed for removing cases by writ of error or appeal be too strict and technical, and likely to produce inconvenience or injustice, it is for Congress to provide a remedy by altering the existing laws; not for the court.' "

The appellant in answer to the motion to dismiss the appeal first contends that this appeal was perfected as a term time appeal. The appellant argues that while the court was recessed, "the judge of said court, with the consent and acquiesence of all of the parties approved the appeal bond then tendered." The record, however, shows that the court was in vacation, rather than recessed, and does not show that either the appellees or their attorneys were present at, or knew of, the approval of the appeal bond by the judge.

The entry of the court approving the bond recited that there was approval of the surety by the defendants. The only approval by the defendants which appears on the bond is the notation "10-29-40 O. K. S. O. & D. Per Oare." which we may assume was a notation made by Mr. Oare of the firm of Seebirt, Oare & Deahl, attorneys for the appellees. This approval, however, is dated October 29, 1940, and could at most be considered as approval only of the surety and not of the subsequent action of the court in approving the bond in vacation, after the specified time for filing same had expired.

The statute creating the Elkhart Superior Court (§ 4-803, Burns' 1933, § 1648, Baldwin's 1934), provides that each year be divided into four terms of said court, each term beginning on a definite day and that said terms "shall continue so long as may be necessary to transact the business of the court." Where, as here, the record of the clerk of the court shows that the court is in vacation, we must assume that that term had been adjourned pursuant to the statute.

The order of the court granting the appeal provided that the bond should be filed within the term with such surety as the court may approve. If the appeal was to be perfected as a term time appeal it was necessary that the bond be filed within the time fixed by the court and that the surety be approved by the court within the term. *Daugherty* v. *Payne* (1911), 175 Ind. 603, 95 N. E. 233. As stated by this court in *Michigan Mutual Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 537, 50 N. E. 304,

"The statute provides the steps which must be taken in order to effect a term-time appeal, and thereby relieve the appellant from giving the notice

required by law in vacation appeals. The penalty of the appeal bond must be fixed and the surety named and approved by the court during the term at which the final judgment is rendered, and the bond, conditioned according to law, must be filed within the time directed by the court. Where, in the opinion of the court, the occasion or circumstances render it necessary, the time in which the court directs the bond to be filed may extend beyond the close of the term. In all term-time appeals, however, it is essential and requisite to render the same effective as such, that a bond be filed within the time designated by the court, . . . . Where no bond is filed, the appeal must be considered a vacation appeal, and notice must be given, as provided by the statute in such appeals."

In the instant case since the surety was not named and approved within the term and the bond was not filed within the time specified by the court the appeal cannot be considered as a term time appeal.

The appellant also insists that if this must be considered as a vacation appeal, the clerk had adequate notice thereof in the bond that was filed and in the praecipe for a transcript.

Appellant relies on the case of *Perkins* v. *Indiana Mfg. Co.* (1915), 58 Ind. App. 220, 222, 223, 108 N. E. 165, in which case there was served on the clerk a written notice, sufficient in all particulars except that it was not signed by the appellants or by their attorney. In discussing the sufficiency of the notice the court said: "Where notice is one of the steps required, notice must be given at the time, in the manner and to the persons specified by the statute." The court there reasoned that the notice to the clerk "bears some relation to the procuring of a transcript to be filed and used on appeal," and that since that purpose had been accomplished and the clerk had acknowledged service of the notice it was sufficient even though un-

signed. The court added, however, that, "we would not be understood as intimating that the question of whether the clerk has been served with notice as required by the statute becomes unimportant where the purpose of the notice has been otherwise accomplished."

It is true, as stated by appellant, that the statute does not specify a certain character of notice. It seems clear, however, that by prescribing that a notice be served on the clerk something in addition to the statutory appeal bond and the statutory praecipe for a transcript was intended and is, therefore, required.

In the instant case the appellant prepared and served on the attorneys for the appellees a proper written notice, but took no steps which purported to be service on the clerk below of a written notice of a vacation appeal.

The bond, at most, would convey the information that appellant had taken a term time appeal, not that a vacation appeal was intended. Nor does the record show that the bond was served on the clerk. The record shows that the bond was filed with and approved by the Judge in chambers. It does not show that the clerk was present. The endorsement of the clerk thereon that the bond was filed November 18, 1940, does not show service on the clerk. As said in *Chicago, etc. Ry. Co.* v. *Sanders* (1917), 63 Ind. App. 586, 588, 114 N. E. 986, "Service of notice has a definite meaning and unless otherwise provided by law means personal service of the individual in such way that the party who makes the service may be in a position to make due proof thereof to the court . . . ." We, therefore, hold that the appeal bond did not constitute a written notice of this appeal served on the clerk.

The praecipe directed the clerk to prepare and certify a transcript "for an appeal to the Supreme Court." This praecipe was filed on October 28, 1940, as a part of the appellant's attempt to perfect a term time appeal. Asking the clerk to prepare a transcript for appeal does not necessarily mean that the party is intending to take an appeal. A notice should at least state that the party intends to appeal.

The statute (§ 2-3206, Burns' and § 482, Baldwin's, *supra*) provides that "after the close of the term" an appeal may be perfected by taking the steps prescribed for either of the two methods for vacation appeals. This provision would seem to preclude the possibility of a praecipe filed in term preparatory to a term time appeal being thereafter considered as sufficient notice to the clerk of a vacation appeal.

The last ground urged by appellant for denying the motion to dismiss is that appellees, by agreeing to the grant by this court of additional time to appellant for filing briefs "have thereby led the appellant to believe that appellees would not urge any technical question concerning inadequacy of notice of appeal to the clerk below," and "courts will not allow an adversary in litigation to lull his opponent into a sense of security by appearing to be obliging, for the purpose of leading him into a trap . . . ." In support of this proposition appellant cites *Security Tr. Co., Exr.,* v. *Jaqua* (1925), 200 Ind. 732, 148 N. E. 148, which held that appearance by appellee and failure to file motion to dismiss for two months thereafter constituted a waiver of the insufficiency of an appeal bond which had been approved by the trial court.

Nothing in the record in the instant case tends to show that the action of the appellees was for the pur-

pose of leading the appellant into a trap. The transcript was filed December 2, 1940, and on December 30, 1940, the appellees acquiesced in the extension of time. At the time appellees agreed to the extension there had been no occasion for them to examine the transcript and there is nothing to indicate that they then had any knowledge of the failure of appellant to serve notice on the clerk below. On January 2, 1941, appellant's briefs were filed and on January 28, 1941, appellees filed the motion to dismiss. We cannot say that this constituted an unreasonable delay. As said in *Daugherty* v. *Payne* (1911), 175 Ind. 603, 610, 95 N. E. 233, "A party is not required to assist his adversary in perfecting an appeal, and waives nothing on that question by mere silence, unless he is required to speak." There was nothing in this case requiring appellees to speak prior to the filing of their motion to dismiss.

The appellant has failed to perfect either a term time or a vacation appeal and the time for perfecting an appeal has now passed.

The appeal is dismissed.

NOTE.—Reported in 31 N. E. (2d) 989.