IMPERIAL INSURANCE COMPANY AND JULIUS GUDINAS *v.*
STATE OF INDIANA.

[No. 3-1175A266. Filed May 12, 1976.]

*Alton L. Gill, Jr.,* of Gary, for appellants.

*Theodore L. Sendak,* Attorney General, *K. Richard Payne,*
Deputy Attorney General, for appellee.

STATON, P.J.—The sole question presented by this appeal
is whether the "legal notice" requirement in IC 1971, 35-4-5-8
(Burns Code Ed.) is satisfied by an entry in the court's docket

setting the cause for trial without written notice or actual notice of such setting to the bail bondsman or the insurer.

Imperial Insurance Company and Julius Gudinas posted their bond on October 11, 1971 in the amount of Three Thousand Dollars ($3,000.00) for the appearance of defendant Ann Sims with Leslie O. Pruitt, Sheriff of Lake County. No trial date for the appearance of Ann Sims was fixed by the trial judge. On October 15, 1971, the trial court set Ann Sims' trial for October 21, 1971. Ann Sims failed to appear for trial and on October 29, 1971, the trial court issued a warrant for her arrest. Later, the court ordered the bond forfeited and the bond forfeiture executed pursuant to IC 1971, 35-4-5-12 (Burns Code Ed.). Imperial Insurance Company and Julius Gudinas filed their petition to set aside the bond forfeiture, which petition was denied by the trial judge who made the following entry:

"Comes now the Imperial Insurance Company, by their attorney, Alton Gill, in open court, and this cause is now submitted to the Court on their Petition to Set Aside Bond Forfeiture.

"The Court now rules that the Entry on the Docket Sheet of October 15, 1971 is legal notice to the Bonding Company as contemplated by Burns Statutes 9-3731 [IC 1971, 35-4-5-8], for that reason, the Court finds that the Petition to Set Aside Bond Forfeiture and Vacate Judgment be denied."

Imperial Insurance Company and Gudinas contend that entry of the trial date on the court docket does not satisfy the legal notice requirement in IC 1971, 35-4-5-8.

IC 1971, 35-4-5-8 provides:

"If there is a breach of the undertaking, the court before which the cause is pending shall make a record thereof and shall declare the undertaking, and any money or bonds that have been deposited as bail, forfeited: Provided, however, the bail bondsman or the insurer shall have had legal notice of the trial or hearing of defendant at least seventy-two [72] hours before required appearance of defendant, unless the appearance is scheduled within that time from the execution of bond. Upon said undertaking being thus forfeited, the clerk of the trial court shall immediately transmit the

undertaking to the clerk of the circuit court of the county in which said undertaking was filed."

IC 1971, 1-1-4-1 (Burns Code Ed.) sets forth these rules for our interpretative construction of "legal notice":

"The construction of all statutes of this state shall be by the following rules, unless such construction be plainly repugnant to the intent of the legislature or of the context of the same statute:

"First. Words and phrases shall be taken in their plain, or ordinary and usual, sense. But technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import."

First, "legal notice" is not a word of art. It is defined in BLACK'S LAW DICTIONARY 1041 (1968) as follows:

"Such notice as is adequate in point of law; such notice as the law requires to be given for the specific purpose or in the particular case. . . . Knowledge brought home to a party in a prescribed form. . . ."

The Legislature has not prescribed the type of notice to be given within the statute itself nor can we ascertain the type of notice intended by the Legislature from an examination of the 1961 Bail Act as a whole. The definitional section of the 1961 Bail Act, IC 1971, 35-4-5-1 (Burns Code Ed.) does not contain a definition of "legal notice." We have found no Indiana case interpreting the meaning of legal notice in IC 1971, 35-4-5-8. However, the Supreme Court of Indiana has stated in *Lock Joint Tube Co.* v. *Citizens Trust and Savings Bank* (1941), 218 Ind. 162, 170, 31 N.E.2d 989, 993:

" 'Service of notice has a definite meaning and unless otherwise provided by law means personal service of the individual in such way that the party who makes the service may be in a position to make due proof thereof to the court. . . .' "

Therefore, we hold that the "legal notice" required by IC 1971, 35-4-5-8 is personal service of written notice of the

hearing or trial date upon the bail bondsman or insurer. We hold that the manner of effectuating personal service upon the bail bondsman or insurer may be by any of the methods set out in Indiana Rules of Procedure, TR. 5(B) which provides:

"Whenever a party is represented by an attorney of record, service shall be made upon such attorney unless service upon the party himself is ordered by the court. Service upon the attorney or party shall be made by delivering or mailing a copy of the papers to him at his last known address.

"(1) Delivery. Delivery of a copy within this rule means

(a) handing it to the attorney or party;

(b) leaving it at his office with a clerk or other person in charge thereof, or if there is no one in charge, leaving it in a conspiciuous place therein; or,

(c) if the office is closed, by leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

"(2) Service by mail. If service is made by mail, the papers shall be deposited in the United States mail addressed to the person on whom they are being served, with postage prepaid. Service shall be deemed complete upon mailing. Proof of service of all papers permitted to be mailed may be made by written acknowledgment of service, by affidavit of the person who mailed the papers, or by certificate of an attorney. It shall be the duty of attorneys when entering their appearance in a cause or when filing pleadings or papers therein, to have noted on the bench docket or said pleadings or papers so filed the address and telephone number of their office. Service by delivery or by mail at such address shall be deemed sufficient and complete."

Although TR. 5 is applicable only to parties, TR. 5(B) provides the method of service of notice of hearing and trial dates upon parties, and we deem it generally sufficient notice of hearing and trial dates upon bail bondsmen and insurers. We note that IC 1971, 35-4-5-10 (Burns Code Ed.) sets out the form for surety bonds and provides for the entry of the appearance date. If the appearance date is fixed in the surety

bond itself, clearly the bail bondsman or insurer has written notice of the appearance or trial date and no further notice is necessary.

Since IC 1971, 35-4-5-8 makes forfeiture of the bail bondsman or insurer's undertaking conditional upon "legal notice" of the trial or hearing of the defendant at least seventy-two hours before the required appearance of the defendant and since such legal notice was not given to Imperial Insurance Company and Gudinas in this case, the trial court's judgment entering bond forfeiture is hereby reversed.[1]

Garrard, J., concurs; Hoffman, J., dissents with opinion.

### DISSENTING OPINION

HOFFMAN, J.—I dissent. The judgment of the trial court should be upheld by this court upon any theory which is supported by the evidence. *Sheraton Corp. of Am.* v. *Kingsford Packing Co., Inc.* (1974), 162 Ind. App. 470, 319 N.E. 2d 852.

---

1. Although we recognize that the judgment of the trial court should be upheld by this Court if sustainable on any theory, we do not agree with the dissenting opinion's conclusion that the bond in this case could have been forfeited for failure of defendant Ann Sims to appear pursuant to IC 1971, 35-4-5-3 (Burns Code Ed.) ". . . on the first day of the next term of the court. . . ."

The Legislature passed IC 1971, 35-4-5-3 (Burns Code Ed.) in 1961. In 1967, the Legislature abolished the distinction between term time and vacation time in all courts of the State of Indiana and extended the term for all courts to the calendar year. IC 1971, 33-1-6-1 (Burns Code Ed.). Finally with the adoption of the Indiana Rules of Procedure, TR. 72(A) on January 1, 1970, terms of court were abolished altogether. TR. 72(A) provides in pertinent part as follows: ". . . Terms of court shall not be recognized." The Civil Code Study Commisson Comments to Trial Rule 72 state:

"This subdivision follows Federal Rule 77(a) and accomplishes in essence what was achieved by Burns' Stat., §§ 4-6310, 4-6312 and 4-6313 [I.C. 1971, 33-1-6-1; I.C. 1971, 33-1-6-3; I.C. 1971, 33-1-6-4 (Burns Code Ed.)] eliminating terms of court. However, terms are completely abolished by the effect of this provision, and the court, theoretically is open at all times. . . ."

See also, 4 W. HARVEY & R. TOWNSEND, INDIANA PRACTICE 510 (1971). We deem the portion of IC 1971, 35-4-5-3 which requires a defendant to appear on the first day of the next term of the court if no trial date has been set to be repealed by TR. 72(A).

In the case at bar, the trial court ordered the bond posted by the appellants forfeited on November 15, 1974, for the failure of the defendant to appear on October 29, 1971. There is no contention that the appellants were not notified of this event. The trial court then waited until July 8, 1975, to hold a hearing on such bond forfeiture and enter a judgment forfeiting the bond.

IC 1971, 35-4-5-12 (Burns Code Ed.), requires that a trial court allow a bondsman 180 days after a defendant's failure to appear to produce the defendant or satisfactorily explain his absence. IC 1971, 35-4-5-8 (Burns Code Ed.), provides that "legal notice" be given to a bondsman that a defendant is required to appear at least 72 hours before such appearance is scheduled. The appellants assert that because no appearance was scheduled for the defendant at the time when their bond was undertaken and they had no "legal notice" that an appearance date had been set, a statutory precondition to their liability has not been satisfied. The majority opinion agreed with this contention.

There is, however, a fatal flaw in the reasoning adopted by the majority. Even assuming that the appellants had no notice that the defendant had been scheduled to appear on October 29, 1971, still they had notice that they would be required to produce the defendant on a certain day through the operation of IC 1971, 35-4-5-3 (Burns Code Ed.), which provides, in pertinent part:

"If no day is fixed for the appearance of the defendant, or an impossible day, or a day in vacation, the undertaking, * * * if for his appearance in a court for trial, shall bind the defendant so to appear on the first day of the next term of the court which shall commence more than three [3] days after the giving of the undertaking."

This statute should be read in conjunction with IC 1971, 33-1-6-4 (Burns Code Ed.).

While the majority opinion concludes in its footnote No. 1 that IC 1971, 33-1-6-4, *supra*, was impliedly repealed by the

enactment of Ind. Rules of Procedure, Trial Rule 72(A), I cannot agree with such contention. In order to find such a repeal by implication, it is necessary to find an "irreconcilable conflict" between the enactments in question. *Chaffin v. Nicosia* (1974), 261 Ind. 698, 310 N.E. 2d 867. A consideration of the language of IC 1971, 33-1-6-4, *supra,* establishes that it is not in irreconcilable conflict with the purpose ascribed to Trial Rule 72(A), *supra,* by the majority:

"Period in lieu of statutory time fixed by term of court. —Wherever, in any statute, rule or order, a period of time is described or fixed by a term of court, a period of sixty [60] days for the purposes of time limitation shall be substituted in lieu of a term of court."

Rather, it must be concluded that this provision was intended to amend all statutes, such as the statute at issue in this case, which compute a time period by reference to the commencement of a term of court. Thus, this court should hold that IC 1971, 35-4-5-3, *supra,* has been amended to provide that bondsmen such as the appellants must produce the defendant they have bonded within 60 days, if no time for such defendant's appearance has been fixed by the trial court.

In the case at bar, appellants' bond recited that the defendant was to appear for trial. The latest date upon which appellants were required to produce the defendant under these statutes occurred 60 days after appellants posted their bond on October 11, 1971, and long before the trial court's initial order of forfeiture on November 15, 1974. Appellants thus had notice long before November 15, 1974, that the defendant was required to appear in court. Furthermore, the trial court gave the appellants several *years* after such date to produce the defendant before entering an order of forfeiture. Thereafter, the trial court allowed the appellants substantially longer than the statutory 180-day period to produce the defendant before entering its judgment of forfeiture. The defendants had notice as required by statute and

the trial court allowed them every opportunity to produce the defendant.

The judgment of the trial court should be affirmed.

NOTE.—Reported at 346 N. E. 2d 612.