VINCENT ZINGARETTI *v.* STATE OF INDIANA.

[No. 3-376A75. Filed May 17, 1977.]

*Robert R. Garrett,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

HOFFMAN, J.—This is an appeal from a judgment of the trial court ordering execution upon a bond forfeiture in a criminal matter.

Defendant-appellant Vincent Zingaretti was charged by affidavit with the crime of theft over $100 and bond was set at $5,000. Defendant was arrested on March 21, 1970. On March 26, 1970, the court set the arraignment for April 10, 1970, at which time defendant appeared by counsel and obtained a continuance until May 8, 1970. On that date defendant appeared in person and by counsel, pleaded not guilty and demanded trial by jury. After several delays counsel withdrew and the cause was continued for trial. On October 26, 1970, defendant again appeared in person and by counsel, waived arraignment and pleaded guilty as charged. The trial court made a finding of guilty and ordered a pre-commitment investigation.

On December 4, 1970, the cause was set for judgment on December 14, 1970. Several continuances followed when, on October 18, 1971, the cause having been set for trial, defend-

ant failed to appear and an alias warrant was issued and bail fixed at $10,000.

On November 18, 1974, in open court, Allied Fidelity Insurance Company advised the court that defendant was tried in Federal Court on similar charges arising out of the same incident and that this cause should be dismissed. The trial court referred the matter to the probation department for investigation and continued the cause until November 22, 1974, on which date the trial court, on its own motion, continued the matter until December 20, 1974. On that date defendant failed to appear and the bond posted for defendant was forfeited. On August 4, 1975, the trial court set September 18, 1975, for execution of judgment on the bond forfeiture.

On September 19, 1975, the trial court entered the following:

"On the Court's own Motion, execution on Bond Forfeiture is now ordered.

"Comes now the State of Indiana and files herein Motion to Dismiss this cause of action, in these words [Written motion to nolle prosse omitted], which Motion is by the Court overruled and denied unless and until execution on bond forfeiture is satisfied.

"SO ORDERED."

On September 25, 1975, the bonding company filed its "Petition to set aside Bond Forfeiture and to Vacate Order of Execution." On December 18, 1975, the bonding company filed its motion to correct errors. On December 30, 1975, arguments were heard during which time the trial court examined the report of the probation department, and denied the motion to correct errors.

An examination of the record filed in this cause fails to reveal the following: 1) the bond which was filed, 2) any probation report which the record would show was examined by the trial judge, 3) any notice to the bail bondsman required by IC 1971, 35-4-5-8 (Burns Code Ed.), or 4) notice as required by IC 1971, 35-4-5-12 (Burns Code Ed.).

IC 1971, 35-4-5-8, *supra*, requires legal notice to bail bondsman of a trial or hearing of defendant at least 72 hours before the required appearance. *Imperial Insurance Company* v. *State* (1976), 169 Ind. App. 165, 346 N.E.2d 612.

Appellee points out that the bail bondsman was in court on November 18, 1974, when the trial court set the matter for hearing on November 22, 1974. If the hearing had been held on that day, the record would show that the bail bondsman appeared and legal notice required by IC 1971, 35-4-5-8, *supra*, would have been met. However, on November 22, 1974, the prosecuting attorney being present, the court, on its own motion, continued the matter to December 20, 1974. No notice of the December 20, 1974, date was given to the bail bondsman. On that date the defendant failing to appear the trial court ordered the bond forfeited to the State of Indiana.

IC 1971, 35-4-5-12, *supra*, provides that after forfeiture the clerk shall mail notice of such forfeiture to the addresses indicated on the bonds, and that 180 days after such mailing, if the bondsman has not produced the defendant or proved that the appearance of the defendant was prevented by illness, death, or custody by other authorities, the court shall enter judgment.

The record does not show that the clerk mailed the required notices.

The record shows that on September 19, 1975, the trial court ordered execution on the bond forfeiture and the State filed a written motion to dismiss setting out the reason for dismissal. If the dismissal was filed after the trial court ordered execution such was a final judgment and it would not be affected by a subsequent dismissal. If the dismissal was filed before the execution the trial court under IC 1971, 35-3.1-1-13 (Burns Code Ed.), was required to grant the same and since no cause would be pending no execution could be ordered.

For the above reasons, the judgment of the trial court is reversed.

Judgment reversed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 362 N.E.2d 867.