## JACK E. LEE AND IMPERIAL INSURANCE COMPANY *v.* STATE OF INDIANA

[No. 2-876A299. Filed October 27, 1977. Rehearing denied February 9, 1978. Transfer denied May 15, 1978.]

*John P. Gemmer*, of Fort Wayne, for appellants.

*Theodore L. Sendak*, Attorney General, *John P. Avery*, Deputy Attorney General, for appellee.

### CASE SUMMARY

BUCHANAN, J.—Imperial Insurance Company (Imperial), and its agent Jack E. Lee (Lee), appeal from a Judgment of Forfeiture of Bond, claiming that the forfeiture was improperly entered as prior notice of the trial date was not furnished by the trial court as required by IND. CODE § 35-4-5-8.[1]

We affirm.

### FACTS

The facts most favorable to the State are:

Alan Lamb (Lamb) was charged by Information with robbery[2]

---

1. This statute provides:
   If there is a breach of the undertaking, the Court before which the cause is pending shall make a record thereof and shall declare the undertaking, and any money or bonds that have been deposited as bail, forfeited: Provided, however, the bailbondsman or the insuror *shall have had legal notice of the trial or hearing of defendant at least seventy-two (72) hours before required appearance of defendant,* unless the appearance is scheduled within that time from the execution of bond. Upon such undertaking being thus forfeited, the clerk of the trial court shall immediately transmit the undertaking to the clerk of the circuit court of the county in which that undertaking was filed. (emphasis added).

2. IC 35-13-4-6.

on September 30, 1974. A warrant for Lamb's arrest was issued and bond was fixed at Twenty Thousand ($20,000.00) Dollars. Lamb was arrested and languished in jail awaiting trial. On April 10, 1975, the bond was reduced to Ten Thousand ($10,000.00) Dollars and a trial date of September 29, 1975, was set.

Imperial, by Lee, posted bond for Lamb on May 12, 1975. Rather than entering the trial date (September 29, 1975) in the blank[3] provided for that purpose on the Bond, Lee wrote "as ordered". The bond, as required by statute (IC 35-4-5-10), provided that:

> And if surety hereon shall not produce said defendant within one-hundred eighty (180) days after the mailing of such notice, pay all costs and satisfy the court that the defendant's absence was not with his connivance or consent, then and in that event, the court shall enter judgment against such surety and certify said judgment to the clerk for record.

Lamb was then released on bond pending trial, but failed to appear on the September 29, 1975 trial date. The bond was ordered forfeited by the court and a Notice and Judgment of Forfeiture was mailed to Imperial and Lee by the trial court on September 30, 1975. Imperial delayed filing its Motion to Withold Judgment of Forfeiture until March 30, 1976, which was one hundred eighty-two (182) days after the mailing of the Notice of Forfeiture.

The Court denied Imperial's motion and this appeal was taken.

## ISSUE

Imperial and Lee frame the issue in terms of their failure to receive legal notice of the trial date as required by IC 35-4-5-8, but we see the issue in a broader perspective:

> Is the court required by IC 35-4-5-8 to notify the bondsman prior to trial when the trial date has been set prior to the posting of the bond?

PARTIES' CONTENTIONS — Imperial and Lee argue that it was error to declare the bond forfeited as the trial court failed to

---

3. IC 35-4-5-10.

notify them, prior to trial, of the trial date as required by IC 35-4-5-8.[4]

The state responds that Imperial had constructive notice of the trial date as the trial date was already set when the bond was undertaken.

## DECISION

CONCLUSION — The trial court is not required to notify the bondsman of the trial date, pursuant to IC 35-4-5-8, when the trial date has been established prior to the posting of the bond.

The intent of IC 35-4-5-8 (the Statute) is to insure that a bondsman who has undertaken to produce a defendant for trial is notified at least seventy-two hours in advance of the trial date, so that he may have the opportunity to discharge his undertaking. If the trial date has *not* been set at the time the bond is undertaken, the "legal notice" required by the Statute must conform to the Indiana Rules of Procedure, TR. 5(B).[5] *Imperial Insurance Co. and Gudians v. State* (1976), 169 Ind. App. 165, 346 N.E.2d 612. Judge

---

4. *Supra*, n.1.

5. TR. 5(B) reads:

Service: How made. Whenever a party is represented by an attorney of record, service shall be made upon such attorney unless service upon the party himself is ordered by court. Service upon the attorney or party shall be made by delivering or mailing a copy of the papers to him at his last known address.

(1) Delivery. Delivery of a copy within this rule means

(a) handing it to the attorney or party;

(b) leaving it at his office with a clerk or other person in charge thereof, or if there is no one in charge, leaving it in a conspicuous place therein; or

(c) if the office is closed, by leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

(2) Service by mail. If service is made by mail, the papers shall be deposited in the United States mail addressed to the person on whom they are being served, with postage prepaid. Service shall be deemed complete upon mailing.

Proof of service of all papers permitted to be mailed may be made by written acknowledgement of service, by affidavit of the person who mailed the papers, or by certificate of an attorney. It shall be the duty of attorneys when entering their appearance in a cause or when filing pleadings or papers therein, to have noted on the bench docket or said pleadings or papers so filed the address and telephone number of their office. Service by delivery or by mail at such address shall be deemed sufficient and complete.

Staton, speaking for the majority in that case, went on to say, "[i]f the appearance date is fixed in the surety bond itself, clearly the bail bondsman or insurer has written notice of the appearance or trial date and no further notice is necessary." 346 N.E.2d at 614.

It should logically follow that if the trial date *is* set in the official records of the proceedings at the time the bond is entered into, an agent of the defendant is bound by that trial date the same as his principal. It has long since been settled in this state that "during the time a court has jurisdiction of the parties in proceeding, they must keep themselves informed of the steps taken in the case and are bound by the court's action therein without special or additional notice." *Clouser, et al. v. Mock, et al.* (1959), 239 Ind. 143, 155 N.E.2d 745, 747; *Flanders v. Ostrom* (1933), 206 Ind. 87, 187 N.E. 673; *Guydon v. Taylor* (1945), 115 Ind. App. 685, 60 N.E.2d 750; 22 I.L.E., *Notice* § 3. This principle was confirmed in *State ex. rel. Bickel et al. v. Lake Superior Court* (1959), 239 Ind. 388, 158 N.E.2d 161, wherein it was said, "we have held many times" that the parties are bound by the court's action in a proceeding without special or additional notice.

Thus, we can only conclude that Imperial had "legal notice" of the trial date which appeared in the court records at the time the bond was undertaken. Imperial was the agent of Lamb, binding itself to the State of Indiana that Lamb would appear on the trial date already set by the court and appearing in the court's records. Whether considered as Lamb's agent or even as a party to the proceeding, liability on the obligation cannot be circumvented by blithely ignoring the trial date and inserting the words "as ordered" in the space provided in the bond form for the trial date, thereby obliterating the trial court's official act. Yet this is Imperial's argument. To entertain such sophistry is to lend credence to a bootstrap of giant proportions—and distort the statute beyond recognition.

Like Lamb, Imperial was bound by the official court records of the proceedings setting the trial date before the bond was undertaken, and thus received the "legal notice" required by the statute.

The Judgment is affirmed.

Sullivan, P.J. & Staton, P.J. (by designation) concur.

NOTE—Reported at 368 N.E.2d 1172.