ALLEGHENY MUTUAL CASUALTY CO.,
Lavern Weddel, d/b/a Weddel Bonding,
Attorney in Fact, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–681A199.

Court of Appeals of Indiana,
First District.

Dec. 29, 1981.

Rehearing Denied Feb. 10, 1982.

Frank E. Spencer, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Presiding Judge.

Allegheny Mutual Casualty Co. (Allegheny) appeals a judgment for forfeiture of a bail bond upon the failure of criminal defendant Richard Allen Smith (Smith) to appear as ordered.

We reverse.

STATEMENT OF THE FACTS

Allegheny wrote a bail bond through its attorney in fact, Lavern Weddel, on November 29, 1978, for Smith who was charged with attempted theft. After his plea of not guilty, Smith, on July 24, 1979, was further charged, in Count II, as an habitual offender. The State's petition to increase the bond penalty to $32,500 was never ruled upon. Trial was held on November 20, 1979, before the trial court without a jury, and at the conclusion thereof, the court took its decision under advisement. At 2:00 p. m., November 21, 1979, the trial court found Smith guilty of attempted theft. During a conference in chambers between the court and counsel, Smith left. Upon being apprised of this event, the trial court ordered: (1) the issuance of a warrant for Smith returnable forthwith, (2) that an "Order Re: Forfeiture of Bond" issue, (3) defendant to appear at the probation department within ten days, and (4) sentencing on Count I, attempted theft, for 2:00 p. m. on December 20, 1979. The record does not disclose that a copy or notice of that order was sent to Allegheny or Weddel.

On November 26, 1979, the record shows the aforementioned "Order Re: Forfeiture of Bond" was entered which recites:

"THE DEFENDANT HAVING FAILED TO RE-APPEAR IN THIS COURT ON NOVEMBER 21, 1979, FOR PROCEEDINGS IN THIS CASE: THE COURT NOW ORDERS: THAT THE BAIL BONDSMAN AND/OR SURETY PRODUCE THE DEFENDANT IN

THIS COURT ON DECEMBER 10, 1979, AT 1:00 P.M. FOR TRIAL/HEARING OR THE BOND PREVIOUSLY POSTED WILL BE FORFEITED."

At the bottom of the order the following appears.

"Copies on 11–28–79 by Cah to order book, defendant counsel Ted Koch, Bondsman and Surety."

Also, on November 26, Smith, through counsel, filed a motion to dismiss the habitual offender charge, which the trial court, on November 27, set for hearing at 2:00 p.m. on December 20, 1979. Significantly, the record does not disclose that notice or copy was given Allegheny or Weddel.

There is no record of any proceedings in this case on December 10, 1979, but on December 20, 1979, the trial court made the following record entitled "Order Re: Forfeiture of Bond."

"THE DEFENDANT HAVING FAILED TO APPEAR IN THIS COURT ON *DE-CEMBER 20, 1979*, FOR PROCEEDINGS IN THIS CASE:

\* \* \* \* \* \*

THE COURT NOW ORDERS:

\* \* \* \* \* \*

THAT THE BOND FILED IN THIS CASE BE FORFEITED AND THIS CASE SET FOR A HEARING ON JUNE 23, 1980 AT 9:00 A.M. AT WHICH TIME THE SURETIES MAY APPEAR TO SHOW CAUSE WHY A JUDGMENT SHOULD NOT BE ENTERED.

THAT THE CLERK OF MORGAN COUNTY SHALL SEND A COPY OF THIS ENTRY AND ORDER BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TO EACH OF THE FOLLOWING PERSONS OR ENTITIES AT THE ADDRESSES NOTED:

Allegheny Mutual Casualty Co.

Laverne Weddel." (Emphasis added.)

This latter order and return receipts reflect that the order was received by Allegheny and Weddel on January 4, 1980 and January 3, 1980, respectively.

On June 23, 1980, a hearing was held, and the trial court took its decision under ad-visement until July 9, 1980, at which time it ruled. The relevant portions of that ruling are:

"(a) That on November 21, 1979, the defendant failed to re-appear in this Court as ordered.

(b) That on November 26, 1979, the bail bondsman and/or surety was ordered to produce the defendant in this Court on December 10, 1979, at 1:00 p.m. and was advised that if they failed to do so that the bond previously posted would be forfeited.

(c) That the bail bondsman and/or surety failed to produce the defendant in this Court on December 10, 1979; *that record of such fact was not made until December 20, 1979, which was a date on which another hearing had been scheduled (the defendant was not produced in Court on December 20, 1979 either)."* (Emphasis added.)

The trial court as a further part of its July 9 order extended the time to produce Smith for an additional 60 days.

On September 22, 1980, Allegheny and Weddel filed a motion to set aside the bond forfeiture of December 20, 1979. After a hearing was denied on November 17, 1980, judgment on the bond forfeiture was entered by the trial court. The relevant portion of that order is as follows:

"The Court now finds that the complaint of Laverne Weddel d/b/a Weddel Bonding and Allegheny Mutual Casualty Company would seem to be an imperfection in the Court's record rather than the lack of proper notice and that the imperfection in the Court's record was corrected by the Court's entry of July 9, 1980, paragraph (c)."

## ISSUE

Allegheny raises four issues for review, and issue number three contains five sub-issues. We limit our discussion to the issue of notice because we are reversing the cause upon that issue which, restated, is as follows:

Whether the court gave the surety sufficient notice to produce the defendant on December 20, 1979.

## DISCUSSION AND DECISION

The Bail Bond Act of 1961, Ind. Code 35–4–5–8, provides in part:

"If there is a breach of the undertaking, the Court before which the cause is pending shall make a record thereof and shall declare the undertaking . . . forfeited: *Provided, however, the bail bondsman or the insurer shall have had legal notice of the trial or hearing of defendant at least seventy-two (72) hours before required appearance of defendant,* unless the appearance is scheduled within that time from the execution of the bond." (Emphasis added.)

As relevant here, two cases exist interpreting this section, namely *Zingaretti v. State*, (1977) 173 Ind.App. 112, 362 N.E.2d 867, and *Imperial Insurance Company v. State*, (1976) 169 Ind.App. 165, 346 N.E.2d 612.

In *Imperial,* no notice was given to the bondsman of the trial or hearing date other than the trial court's docket setting. The court, after observing that the statute had not defined "legal notice" or prescribed the type of notice, held that "legal notice" meant personal service of written notice of the hearing or trial date upon the bail bondsman or insurer. The court further held that the manner of effectuating personal service upon the bail bondsman or insurer may be by any of the methods set out in Ind. Rules of Procedure, Trial Rule 5(B), which provides for the manner of service of pleadings and other papers upon counsel. The court concluded that since Ind. Code 35–4–5–8 makes forfeiture of the bond conditional upon "legal notice" of the trial at least 72 hours before the required appearance of the defendant, the mere docket entry of the court was insufficient, and the forfeiture erroneous.

In *Zingaretti,* the bail bondsman was in court on November 18, 1974, when the court set a hearing for November 22. On November 22, the trial court, without further notice to the bondsman, continued the hearing on his own motion to December 20. The defendant did not appear on November 22, or on December 20. Thus, on December 20, the bond was ordered forfeited. This court, reversing the judgment upon forfeiture, stated:

"IC 1971, 35–4–5–8, *supra*, requires legal notice to bail bondsman of a trial or hearing of defendant at least 72 hours before the required appearance. *Imperial Insurance Company v. State* (1976), [169] Ind.App. [165], 346 N.E.2d 612.

Appellee points out that the bail bondsman was in court on November 18, 1974, when the trial court set the matter for hearing on November 22, 1974. If the hearing had been held on that day, the record would show that the bail bondsman appeared and legal notice required by IC 1971, 35–4–5–8, *supra*, would have been met. However, on November 22, 1974, the prosecuting attorney being present, the court, on its own motion, continued the matter to December 20, 1974. No notice of the December 20, 1974, date was given to the bail bondsman. On that date the defendant failing to appear the trial court ordered the bond forfeited to the State of Indiana."

173 Ind.App. at 115, 362 N.E.2d 867.

 The record discloses that both the sentencing hearing and the motion to dismiss were set for hearing at 2:00 p. m. on December 20, 1979, but no notice thereof was given to either Allegheny or Weddel. The only notice given them was the November 26 order to deliver Smith on December 10 although the record does not show any hearing or trial set for that date. Assuming, *arguendo*, that forfeiture could be based upon the failure of Smith to appear on December 10, it was not so based. To the contrary, the forfeiture specifically was based upon Smith's failure to appear at the sentencing and motion to dismiss hearing of December 20, for which no notice was given. We read the statute and cases as requiring the notice to be sent at least 72 hours prior to the hearing which forms the basis of the forfeiture, not some other hearing. The State supports the judgment with

an argument derived from the trial court's orders of July 9 and November 17. It first argues that an obligation rested upon the bondsman to produce Smith on December 10, and had they done so, they would have been apprised of the proceedings to be held on December 20. That argument was struck down in *Imperial.* Second, the State argues that while the court originally forfeited the bond for the failure of Smith to appear on December 20, it corrected its error and noted that Smith had not been produced in court on December 10, as ordered. We are not told how the trial court could, retroactively, shift the basis of the forfeiture to a different time, or create a record, retroactively, to show the happening of an event. Insomuch as there was no proceeding set for December 10 for Smith to appear, there were two matters set for December 20, and there was no record made on December 10 at all, the appearances are strong that the insertion of the date December 10 in the November 26 order was an unfortunate paper mistake. Regardless of mistake the record is clear that the trial court based the forfeiture of the bond upon Smith's failure to appear as ordered on December 20, not December 10. The trial court's order failed to give the required seventy-two hour prior notice to Allegheny or Weddel as provided in Ind. Code 35–4–5–8. In our opinion such facts bring the case directly within the rationale of *Zingaretti.*

For the above reasons we reverse and order the trial court to enter judgment for Allegheny.

Judgment reversed.

ROBERTSON and RATLIFF, JJ., concur.