**ALLEGHENY MUTUAL CASUALTY CO., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 4–983A297.**

Court of Appeals of Indiana, Fourth District.

Feb. 27, 1985.

Sheldon H. Cohan, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Allegheny Mutual Casualty Company appeals the trial court's denial of its motion pursuant to Ind.Rules of Procedure, Trial Rule 60(B), to set aside a judgment forfeiting a bail bond for which it was surety.

We affirm.

Through its agent Eugene Johnson, d/b/a AAA Bonding Company, Allegheny underwrote a bail bond for criminal defendant Jimmie Dale Woods. The bond in the amount of $20,000 was posted on August 6, 1982, the date of Woods' arrest.

The trial court set Woods' initial hearing for September 27, 1982, and scheduled arraignment for October 14, directing the clerk to notify defendant, counsel, and sureties. On October 1, however, the state filed a petition to revoke bond. The court scheduled a hearing on this petition for October 8, again directing notice to defendant, counsel, and sureties Johnson and Allegheny.

The state subsequently filed an affidavit by Deputy Clerk Mary Beth Loar, stating that on October 4, notice of this hearing was mailed to the parties, including Allegheny. This notice was apparently addressed to Allegheny at 11 Hill Street, Newark, New Jersey, one of three different addresses for the company which appeared on the powers of attorney submitted by Johnson. The trial court's records also indicated that notice was simultaneously mailed to AAA Bonding Company at 1320 Broadway in Gary.

When neither the defendant nor the sureties appeared on October 8, the trial court ordered defendant's bond forfeited. The court ordered notice of the bond forfeiture to the parties; the court's records reflect such notice mailed to AAA Bonding at the above address on October 12, with a return receipt signed by Johnson on October 14, 1982. The record also contains certified mail receipts for notice of the forfeiture apparently mailed to defendant and to Allegheny on October 12, but indicating nondelivery of the mail.

As the sureties failed to produce the defendant during the following 180 days, the court on April 29, 1983, entered judgment against Allegheny, AAA Bonding Company, and the defendant in the amount of the bond plus costs. On May 12, 1983, Allegheny filed a T.R. 60(B) motion seeking relief from the trial court's order of forfeiture. The trial court denied the motion, from which ruling Allegheny brings this appeal.

█ In reviewing a ruling on a T.R. 60(B) motion, we are limited to the narrow question of whether the trial court has abused its discretion. Unless the judgment clearly contravenes the logic and effect of the facts before the court and inferences reasonably drawn therefrom, we must affirm. *International Vacuum Inc. v. Owens* (1982), Ind.App., 439 N.E.2d 188.

█ The sole issue which appellant has preserved for review involves the adequacy of legal notice regarding the October 8 hearing on the state's petition to revoke bond and the resulting order of forfeiture.[1] Allegheny contends that its failure to receive actual notice prior to the hearing which resulted in forfeiture of the bond constitutes a departure from the notice requirements of the bail bond statute. Ap-

pellant also complains that it received no actual notice of the forfeiture itself. Allegheny argues that the trial court has therefore abused its discretion in refusing to set aside the forfeiture order. Under the statutory provisions governing bail bonds and cases construing adequacy of notice thereunder, these contentions must fail.

IND.CODE 35-4-5-8 provides that prior to forfeiture of a bond,

... the bail bondsman or the insurer shall have had legal notice of the trial or hearing of defendant at least seventy-two (72) hours before required appearance of defendant, unless the appearance is scheduled within that time from the execution of the bond....

Our courts have interpreted the "legal notice" required by this section to include any method of service contemplated by T.R. 5(B). *Imperial Insurance Co. v. State* (1976), 169 Ind.App. 165, 346 N.E.2d 612. Here as in most bond revocation proceedings, the court sought to notify the parties by mail of the impending hearing. The requirements for service by mail are detailed in T.R. 5(B)(2), which provides:

Service by mail. If service is made by mail, the papers shall be deposited in the United States mail addressed to the person on whom they are being served, with postage prepaid. *Service shall be deemed complete upon mailing. Proof of service of all papers permitted to be mailed may be made* by written acknowledgment of service, *by affidavit of the person who mailed the papers*, or by certificate of an attorney. It shall be the duty of attorneys when entering their appearance in a cause or when filing pleadings or papers therein, to have noted on the bench docket or said pleadings or papers so filed the address and tele-

1. Allegheny also attempts to advance an argument that bondsman Johnson served as a special agent who exceeded the scope of his authority in posting the bond. A motion to set aside a judgment pursuant to T.R. 60(B), however, does not address the substantive legal merits of the judgment; it suffices only to address the procedural, equitable grounds for relief from the legal finality of the judgment. *Blichert v. Broso-*

*sky* (1982), Ind.App., 436 N.E.2d 1165. In the present case, as appellant has not favored us with any theory or cogent argument demonstrating the relevance of this issue to the grounds for relief available under T.R. 60(B), we deem the issue waived pursuant to Ind.Rules of Procedure, Appellate Rule 8.3, and decline to entertain this contention.

phone number of their office. Service by delivery or by mail at such address shall be deemed sufficient and complete. (Emphasis added.)

We discern no abuse of discretion in the trial court's determination that the notice requirements of IC 35–4–5–8 have been satisfied in this case. The affidavit of Deputy Clerk Loar is competent to establish that notice was mailed to Allegheny on October 4, four days before the scheduled hearing. The record also indicates that notice was mailed to AAA Bonding Co. on the same day. Although the record does not establish actual notice, service was complete upon mailing and was directed to *both* Allegheny and the bonding company. Under the statute, notice to either would suffice. Allegheny cannot be heard to complain that the notice was misdirected to the Hill Street address, as the mistake in providing that address on Johnson's power of attorney must be attributed to either Allegheny or its agent.

Appellant also maintains that it has received inadequate notice of the forfeiture order under IC 35–4–5–12(a) (amended 1984 Acts, P.L. 175):

In case the defendant shall not appear as provided in the bond, the court shall issue a warrant for the defendant's arrest. In addition, the court shall declare the bond forfeited and the clerk shall mail notice of the forfeiture to both:

(1) the bondsman; and

(2) the surety;

at each of the addresses indicated in the bonds, and if the bondsmen do not produce the defendant or prove that the appearance of the defendant was prevented by illness, or by the death of a defendant, or the trial defendant was being held in custody of the United States, a state or a political subdivision thereof, or if required notice was not given within one hundred eighty (180) days after such mailing and pay all costs and satisfy the court that the defendant's absence was not with the consent or connivance of the sureties, the court shall at once enter judgment ... against the bondsmen for the amount of the bond and the clerk shall at once record the judgment....

Again, the record amply justifies the trial court's conclusion that proper notice was served upon the parties. Notice of the forfeiture was mailed on October 12 to AAA Bonding Company and a return receipt signed by Johnson two days later. The record also contains the certified mail receipt for the notice of forfeiture mailed to Allegheny at 11 Hill Street, Newark, as well as the accompanying envelope indicating that the notice was returned as nondeliverable. Service is deemed complete upon mailing, and we will not impose upon the trial court a duty to ferret out a party's current address which the party has failed clearly to designate as such, as required by T.R. 5(B)(2). We therefore find no abuse of discretion in the trial court's implicit determination that Allegheny has demonstrated no "mistake, surprise, or excusable neglect" under T.R. 60(B)(1) which would equitably entitle it to relief from the judgment of forfeiture.

Judgment affirmed.

MILLER, P.J., and CONOVER, J., concur.