**Bruce T. HARRIS and Allegheny Casualty Company, Appellants-(Intervenors),**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 91A05–0904–CV–188.

Court of Appeals of Indiana.

Sept. 2, 2009.

Jay T. Hirschauer, Hirschauer & Hirschauer, Logansport, IN, Attorney for Appellants.

Gregory F. Zoeller, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Bruce T. Harris and Allegheny Casualty Company (collectively "Harris and Allegheny") appeal the trial court's denial of their motion for relief from judgment, which sought to set aside a bond forfeiture judgment. We remand.

### Issue

The dispositive issue is whether the trial court provided adequate notice to Harris and Allegheny of orders to produce a criminal defendant.

### Facts

On September 25, 2005, the State charged David Rodriguez with aggravated battery and battery resulting in bodily injury, and bond was set at $20,000. On October 25, 2005, Allegheny, through its bail agent Harris, posted the $20,000 bond and Rodriguez was released from custody. Rodriguez later pled guilty, and sentencing was set for December 13, 2006.

On November 6, 2006, Rodriguez failed to appear for a pre-sentence interview. On that date, the trial court issued an order stating in part, "The Surety on Defendant's bond is directed to produce the Defendant . . . on the 13th day of November, 2006 at 9:00 AM." App. p. 17. Underneath the judge's signature was a printed notation stating in part, "cc: Bondsperson . . . Surety. . . ." *Id.* At the bottom of the page was a handwritten note, "11/6/06—JS." *Id.*

Rodriguez again failed to appear on November 13, 2006. The trial court then issued an order for Rodriguez's re-arrest without bail. The order also contained a printed "cc" notation, listing Harris and Allegheny and their addresses as listed on Rodriguez's bond face sheet. Beneath the "cc" notation was listed "Date of Notice: 11/15/06," and again the handwritten initials "JS." *Id.* at 19. On November 28, 2006, an envelope sent to Allegheny was returned as "not deliverable as addressed—unable to forward." *Id.* at 21. This envelope had been sent to the address in Newark, New Jersey, that was listed on the bond face sheet as Allegheny's address.

Rodriguez apparently has yet to be found. On October 21, 2008, the trial court entered a bond forfeiture judgment against Harris and Allegheny for $20,000. Notice of this judgment apparently was sent to an address for Allegheny in California, which was different than the New Jersey address that appeared on the bond face sheet. On November 12, 2008, Harris and Allegheny filed a motion for relief from judgment, asserting that they never received notice of Rodriguez's failures to appear. On November 17, 2008, the trial court denied the motion for relief from judgment. Harris and Allegheny now appeal. The State has filed an appellee's brief, noting that it has an interest in this case as the recipient of some of the proceeds of the forfeited bond. *See* Ind.Code § 27–10–2–12(i) (providing that fifty percent of forfeited bond money goes to the police pension trust fund and fifty percent goes to the county extradition fund).

## Analysis

At the outset, we note, as does the State, that Harris and Allegheny do not provide us with a standard of appellate review for the denial of their motion to set aside the judgment. However, although Harris and Allegheny do not state that the trial court lacked personal jurisdiction over them to enter the forfeiture judgment, their arguments are similar to claims of a judgment being void for lack of personal jurisdiction due to inadequate service of process, pursuant to Indiana Trial Rule 60(B)(6). We review a denial of a motion to set aside judgment making such claims for an abuse of discretion. *See Allegheny Mutual Casualty Co. v. State,* 474 N.E.2d 1051, 1053 (Ind.Ct.App.1985). We will affirm the ruling unless it clearly contravenes the logic and effect of the facts before the court and the inferences reasonably drawn therefrom. *Id.*

The bond forfeiture statute states in part:

(a) If a defendant does not appear as provided in the bond:

(1) the court shall:

(A) issue a warrant for the defendant's arrest; and

(B) order the bail agent and the surety to surrender the defendant to the court immediately;

(2) the clerk shall mail notice of the order to both:

(A) the bail agent; and

(B) the surety;

at each of the addresses indicated in the bonds; and

(3) if the defendant later is arrested or otherwise appears:

(A) the court shall order that the surety be released from the bond; and

(B) after the court issues an order under clause (A), the surety's original undertaking shall be reinstated if the surety files a written request for the reinstatement of the undertaking with the court.

This subsection may not be construed to prevent a court from revoking or resetting bail.

(b) The bail agent or surety must:

(1) produce the defendant; or

(2) prove within three hundred sixty-five (365) days:

(A) that the appearance of the defendant was prevented:

(i) by the defendant's illness or death;

(ii) because the defendant was at the scheduled time of appearance or currently is in the custody of the United States, a state, or a political subdivision of the United States or a state; or

(iii) because the required notice was not given; and

(B) the defendant's absence was not with the consent or connivance of the sureties.

Ind.Code § 27–10–2–12(a) & (b). If a bail agent or surety fails to produce a missing defendant within 365 days of the mailing of notice under subsection (a), the trial court may enter a forfeiture judgment against the bail agent and surety equal to twenty percent of the bond's face value, plus impose a late surrender fee equal to eighty percent of the face value. I.C. § 27–10–2–12(c) & (d). Moreover, "The court shall immediately enter judgment on the forfeiture, without pleadings and without change of judge or change of venue, and assess against the bail agent or surety all actual costs resulting from the defendant's failure to appear." I.C. § 27–10–2–12(d).

This court has held that the bond forfeiture statute "is somewhat drastic in its operation and the full measure of protection afforded by it to sureties must be accorded to them before a judgment may be entered against them according to its terms. Unless there has been a compliance with its provisions, a judgment based thereon is erroneous." *Starkie v. State,* 113 Ind.App. 589, 594, 49 N.E.2d 968, 970 (1943). The burden of establishing that notice was sent as required by the statute rests with the State, not sureties or bails agents. *Id.* at 595, 49 N.E.2d at 970. In *Starkie,* there was evidence that the trial court directed the clerk's office to send the statutorily-required notices after the defendant failed to appear, and the trial court found this sufficient to support forfeiture of the bond. This court, however, disagreed. We stated that although the trial court was entitled to judicially know its own records, there was no evidence in the record that the statutorily-required no-

tices had ever been mailed in the form required by the statute. *See id.*

We conclude that at a minimum there should be compliance with Indiana Trial Rule 5(B), which governs service of papers in civil actions, in order to constitute sufficient proof of notice under the bond forfeiture statute. In *Allegheny Mutual,* it appeared that Allegheny, the surety, never received actual notice of a hearing the defendant was ordered to attend, nor notice that the bond had been forfeited after the defendant failed to appear. With respect to the hearing, we analyzed Indiana Code Section 35–4–5–8, which provided that before a bond forfeiture could occur, "the bail bondsman or the insurer shall have had legal notice of the trial or hearing of defendant at least seventy-two (72) hours before required appearance of defendant. . . ." [1] We interpreted "legal notice" as requiring compliance with Trial Rule 5(B). *Allegheny Mutual,* 474 N.E.2d at 1053 (citing *Imperial Ins. Co. v. State,* 169 Ind.App. 165, 346 N.E.2d 612 (1976)).

Trial Rule 5(B)(2), which specifically governs service by mail, states:

If service is made by mail, the papers shall be deposited in the United States mail addressed to the person on whom they are being served, with postage prepaid. Service shall be deemed complete upon mailing. Proof of service of all papers permitted to be mailed may be made by written acknowledgment of service, by affidavit of the person who mailed the papers, or by certificate of an attorney. It shall be the duty of attorneys when entering their appearance in a cause or when filing pleadings or papers therein, to have noted on the chronological case summary or said pleadings or papers so filed the address and telephone number of their office. Ser-

1. This statute has since been recodified at Indiana Code Section 27–10–2–8.

vice by delivery or by mail at such address shall be deemed sufficient and complete.

In *Allegheny Mutual*, the State filed an affidavit from a trial court clerk stating that she had mailed notice of the hearing the defendant failed to attend to the surety, using one of the addresses it had provided. This was sufficient to meet the requirement of Trial Rule 5(B)(2). *See Allegheny Mutual*, 474 N.E.2d at 1054.

Next, we addressed whether there was sufficient evidence the surety and bail agent were mailed appropriate notice of the subsequent bond forfeiture order pursuant to the predecessor of Indiana Code Section 27–10–2–12. Although not expressly invoking Trial Rule 5 in this part of the opinion, we concluded there was sufficient evidence of mailing where the bail agent signed a return receipt for the mailing, thus providing written acknowledgment that the notice had been received, and where although the mailing to the surety was returned as undeliverable, there was a certified mail receipt establishing that it had been mailed. *See id.*

█ In the present case, we conclude that there is insufficient evidence in the record that the statutorily-required notices were mailed to both the bail agent and surety. In *Imperial Insurance*, we noted our supreme court's definition of "service of notice," which it stated " 'means personal service of the individual in such way that the party who makes the service *may be in a position to make due proof thereof to the court* ....' " *Imperial Ins.*, 169 Ind. App. at 167, 346 N.E.2d at 614 (quoting *Lock Joint Tube Co. v. Citizens Trust and Savings*, 218 Ind. 162, 170, 31 N.E.2d 989, 993 (1941)) (emphasis added). Here, the

returned envelope of the notice sent to Allegheny at its listed Newark address arguably might be sufficient proof of mailing as to it,[2] but there is no comparable evidence of mailing to Harris. Under the present statute, mailing to both the surety and the bail agent is required. *See Frontier Ins. Co. v. State*, 769 N.E.2d 654, 657 (Ind.Ct.App.2002). Instead, as to Harris there are only handwritten notations on the bottom of two court orders, which the trial court interpreted as sufficient proof that a court staff member mailed the required notices.

We cannot agree with the trial court that this was sufficient proof, even though the trial court is presumed to know its own records. *See Starkie*, 113 Ind.App. at 595, 49 N.E.2d at 970. These notations do not meet the affidavit requirement found in Trial Rule 5(B)(2) for establishing proof of service by mail. Moreover, there are no return receipts signed by Harris in the record, which would have provided written acknowledgement of having received the notices. There are no certified mail receipts proving that the notices were mailed to Harris at the appropriate address.

█ We emphasize that a defendant's failure to appear is what triggers the bail agent's and surety's obligations under the bond, and the bail agent's inability to timely find the defendant after a failure to appear can have draconian consequences. As such, the notice requirement of the bond forfeiture statute is "a condition precedent for bond forfeiture and reflects legislative intent that sureties receive a full measure of protection of their property rights before a judgment may be entered against them." *Frontier*, 769 N.E.2d at

---

**2.** As *Allegheny Mutual* held, the fact that the notice was returned as undeliverable did not mean the notice was statutorily inadequate. Any inaccuracies in the address provided on the bond face sheet are attributable to Allegheny and/or Harris, not the court clerk who mailed the notice. *See Allegheny Mutual*, 474 N.E.2d at 1054.

658. We conclude that mail service under the bond forfeiture statute ought to be made in compliance with Trial Rule 5(B)(2) or via a substantially similar method, such as certified mail, by which proof of service may be readily established. Such proof is lacking in this case, which would require, as an abuse of discretion, reversal of the denial of the motion to set aside the bond forfeiture judgment.

We observe, however, that the State does not seem to have had a chance before the trial court to respond to Harris and Allegheny's motion to set aside. The trial court ruled on the motion just five days after it was filed, without a hearing. Thus, the State did not have an opportunity to present any evidence on the issue of service. In light of this, we remand for further proceedings on the motion to set aside judgment. If the State does not present any additional evidence showing service, the judgment must be set aside for failure to comply with the bond forfeiture statute.

### Conclusion

We remand for further proceedings consistent with this opinion, and with directions to vacate the bond forfeiture judgment against Harris and Allegheny if no further evidence showing service of notice is forthcoming.

Remanded.

NAJAM, J., and KIRSCH, J., concur.