STARKIE ET AL. *v.* STATE OF INDIANA.

[No. 17,068.   Filed July 16, 1943.]

590

*Arthur D. Cutler,* of Madison, for appellants.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, *Walter O. Lewis,*

Deputy Attorney General, and *Donald Bear*, of Madison, for appellee.

DRAPER, J.—The appellant Starkie was arrested on a charge of operating a motor vehicle while under the influence of intoxicating liquor. He entered a plea of not guilty, entered into and was released from custody on a recognizance bond in the sum of $1,000 with the corporate appellant as surety thereon, and on June 5, 1942, enlisted in the United States Army, having theretofore been registered under the Selective Service Act.

The bond was dated March 10, 1942, and was in the form required by Acts 1927, ch. 132, § 2 (§ 9-722, Burns' 1933). The cause was regularly set for trial for June 10, 1942, at which time Starkie failed to appear in person but appeared by counsel who filed written motion for continuance asserting that it was impossible for Starkie to appear due to the fact that he was in the service. This motion was overruled with exceptions to Starkie, he was called and defaulted, the bond was declared forfeited and the clerk ordered to mail notice thereof to the corporate appellant as surety, in accordance with the statute above referred to. On June 19, 1942, Starkie appeared by counsel and filed verified motion to set aside the default and forfeiture of bond, this motion setting forth in detail the fact of his engagement in the service and consequent inability to appear in court despite the best efforts of his attorneys to secure his presence, and this motion was also overruled with exceptions to Starkie. On July 3, 1942, the court entered its order reciting the fact of the taking and approval of the bond, the default of the appellant Starkie and the fact of forfeiture and further reciting "That the defendant, United States Fidelity and Guaranty Company of Baltimore, Maryland, as surety on the bond of said defendant, Albert Starkie, Jr., was

duly notified by the clerk of this Court, as to the breach of said defendant, as required by law, and that no part of the amount due upon the said recognizance has been paid, and said bondsman has failed to produce the said defendant, Albert Starkie, Jr., within the time fixed." This was followed by a judgment against the corporate appellant and in favor of the State of Indiana, in the sum of $1,000, to the entry of which each appellant excepted and appealed to this court without moving for a new trial.

In cases of this character we are required to review the evidence, if any, but no evidence whatever was presented to or heard by the court. Section 2 of the Act (§ 9-722, Burns' 1933) provides that the form of the bond shall recite among other things the following: "The obligers (obligors) on such bond may except to the ruling of the court and appeal to the Appellate Court as in other civil cases, and on appeal the evidence may be reviewed." The same section otherwise provides in that respect that: "Any surety on such bond may except to the ruling of the court and appeal to the Appellate Court as in other civil cases without moving for a new trial, and on such appeal the evidence, if any, shall be reviewed," and the same section also provides for the entry of judgment in a summary manner against the bondsmen, but not against the principal. Section 6 of the Act (§ 9-1031, Burns' 1933), provides among other things that: "The obligor may except to the ruling of the court and appeal to the Appellate Court as in civil cases without moving for a new trial." Since no judgment may be rendered against the principal in the manner provided by this Act, but a judgment against the surety only can be so entered, it is apparent that by the use of the word "obligor" the Legislature referred only to the surety, and that only

the surety can except to the entry of such judgment and appeal in the manner provided. We do not believe that it was intended that one against whom no judgment has been or can be rendered in the proceeding should have the right to appeal therefrom. Since Starkie is not a proper party to this appeal and since the rulings on his motions were adverse only to him, he alone having presented the questions, we hold that no question with respect to either of these rulings is presented for our consideration.

The other assigned errors are as follows:

3. The Jefferson circuit court had no jurisdiction to pronounce and enter the finding and judgment of forfeiture herein appealed from, and to which finding and judgment both of the appellants herein duly objected and excepted.

4. The finding and judgment of the Jefferson circuit court are not sustained by sufficient evidence.

5. The finding and judgment of the Jefferson circuit court are contrary to law.

The appellee asserts that the only assignment of erro_ which would present any question to this court is one to the effect that "the trial Court erred in rendering judgment upon the forfeited recognizance." The appellant asserts that it may assign as error any ground which would have been grounds for a new trial and we incline to the latter view, but it has been uniformly held that causes for a new trial couched in the language employed by the appellant in parapraphs 4 and 5 of its assignment are insufficient when contained in a motion for new trial. *Greeson* v. *Sloan* (1933), 97 Ind. App. 687, 187 N. E. 841. However, the statute neither limits nor prescribes the assignment of errors. It authorizes an appeal from the judgment rendered without the neces-

sity of moving for a new trial and clearly indicates that the insufficiency of the evidence to sustain the judgment shall be a ground for reversal. The modern tendency is to decide cases on their merits, with increasing regard for the substance and diminishing regard for the form, and this in our opinion is as it should be. In the case of *Knecht et al.* v. *State of Indiana* (1929), 90 Ind. App. 46, 168 N. E. 128, a somewhat similar assignment of errors was recognized as presenting a question and we shall therefore consider the assignment here as being sufficient under the particular statute involved.

The statute enjoins upon the clerk the duty of mailing notice of forfeiture to the sureties to the addresses indicated in the bonds. Only after that has been done by the clerk and the sureties have thereafter failed to satisfy the requirements of the statute may a judgment be entered against them. The reason is apparent. It is intended that they shall to the extent indicated in the statute have notice of the forfeiture, and thus have an opportunity to produce the defendant in court, pay the costs and satisfy the court that the defendant's absence was not with their consent or connivance and thus save themselves from loss. The statute is somewhat drastic in its operation and the full measure of protection afforded by it to sureties must be accorded to them before a judgment may be entered against them according to its terms. Unless there has been a compliance with its provisions, a judgment based thereon is erroneous. *Knecht et al.* v. *State of Indiana, supra.* See also *Lowery* v. *State Life Insurance Company* (1899), 153 Ind. 100, 54 N. E. 442. There is no evidence whatever that the required notice was ever mailed by the clerk nor that the notice mailed, if any, was in form sufficient to comply with the requirements of the statute. It is true that the court

finds that the clerk complied with the requirement, but there is a total lack of evidence to sustain that finding. We cannot agree with the appellee that the burden of proving the negative of this issue was upon the corporate appellant. The burden was upon the State. It is true of course that a court judicially knows its own records, *Ashley, Administrator* v. *Canida, Administratrix* (1934), 99 Ind. App. 313, 192 N. E. 317, but we have the record before us, and we can find nothing in it to sustain the finding of the court that notices sufficient in form or otherwise had been mailed as required.

Much of the appellant's brief is devoted to the proposition that Starkie's voluntary enlistment after he had registered under the Selective Service Act, coupled with the failure of his attorney's best efforts to induce the military officers to permit him to appear for trial, should be held to exonerate his bail for his non-appearance. In that connection there is no showing of any effort made by or on behalf of the corporate appellant to produce him, of any effort by Starkie himself to obtain permisson to appear, that the absence of the appellant Starkie was not with the consent or connivance of the corporate appellant, or of any other circumstances which might suggest themselves as appropriate and proper to be shown by the corporate appellant. Since the judgment must be reversed and since, if the matter is resubmitted, there will doubtless be evidence concerning such matters submitted by the corporate appellant, we do not now pass upon that question.

Cause remanded with instructions to vacate and set aside the judgment entered July 3, 1942.

NOTE.—Reported in 49 N. E. (2d) 968.