**ACCREDITED SURETY & CASUALTY CO., et al, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 72A04–8903–CV–00083.**

Court of Appeals of Indiana, Fourth District.

Jan. 30, 1991.

S. Frank Mattox, New Albany, for appellant.

Linley E. Pearson, Atty. Gen. and Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

MILLER, Presiding Judge.

Accredited Surety Casualty Co., defendant-appellant, wrote a bail bond for criminal defendant, Larry Adams. When Adams failed to appear as ordered, the judge of the Scott Circuit Court ordered forfeiture of the bail bond. Accredited appeals, raising two issues. We only address issue I because it is dispositive.

I.  Whether the trial court erred by not following the prescribed procedures for bond forfeiture set out in Ind.Code 27–10–2–8 and Ind.Code 27–10–2–12 and by entering an order forfeiting the bond.

We reverse because IC 27–10–2–12 requires notice to *both the bondsman and the surety*—which was not done in this case—as a condition precedent for forfeiture.

## FACTS

Larry Adams filed a $6,000 surety bond, covering all of the charges against him with Accredited Surety Casualty Co. as insurer and with Martha Adkins as bondsman. The bond listed one omnibus hearing to be held on December 18, 1987, as an appearance undertaking. Adams failed to appear at the hearing. On January 5, 1988, the court issued an arrest warrant for Adams.

On July 12, 1988, the court issued an order directing Accredited Surety Co. to "produce the defendant in the Scott County Court." On December 16, 1988, the court set a bond revocation hearing for December 29, 1988, and issued another order directing Accredited to produce the defendant by the hearing, or to show why the bond should not be revoked. Adams was not produced nor was cause shown for failure to produce. The court ordered Accredited's bond forfeited on January 31, 1989, "and the proceeds therefrom be deposited with the clerk of the Scott County Court."

A hearing was held on Accredited's post-forfeiture motion to vacate, at which the only witness was the bondsman, Martha Adkins. She testified that she received, by mail, 1) the July 12, 1988, order to produce the defendant, 2) the December 18, 1988, order setting the revocation hearing and again ordering defendant's production, and 3) the January 31, 1989, order of forfeiture.

Although Adkins received notice, there is no evidence in the record that Accredited also received notice to surrender the defendant.

## DECISION

*ISSUE I—Whether forfeiture of the bond was proper:*

Accredited claims the trial court erred in entering an order forfeiting bond by not following the prescribed procedures for bond forfeiture set out in IC 27–10–2–8 and IC 27–10–2–12. The statutory scheme that governs bond forfeiture works as follows:

IC 27–10–2–8(a) states that the bondsman *or* insurer shall have legal notice of the defendant's trial or hearing within at least seventy-two (72) hours from the execution of the bond. The defendant's failure to appear, after the requisite notice of the trial date has been given, constitutes a breach of the bondsman's and insurer's undertaking. Once this breach has occurred, the court is required to make a record of the breach, whereupon IC 27–10–2–12, which provides for notice to surrender the defendant and a gradual forfeiture of the bond, comes into play.

Accredited's primary argument is that the notice procedures of IC 27–10–2–12(a) were not followed. IC 27–10–2–12(a) uses the words shall and must. IC 27–10–2–12(a) provides as follows:

Sec 12.  (a) If a defendant does not appear as provided in the bond:

(1) the court *shall:*

(A) issue a warrant for the defendant's arrest;  and

(B) order the bondsman and the surety to surrender the defendant to the court immediately;  and

*(2) the clerk shall mail notice of the order to both:*

*(A) the bondsman;  and*

*(B) the surety; at each of the addresses indicated in the bonds.*
(emphasis added).

Initially, we note that when "the word 'shall' is used in a statute it is presumed to be used in its imperative or mandatory sense." *State Ex Rel Hatcher v. Lake Superior Court* (1986), Ind., 500 N.E.2d 737, 740. Secondly, IC 27–10–2–12(a)(2) is clear and unambiguous when it states: "the clerk *shall* mail notice of the order to *both:* (A) The *bondsman; and* (B) the *surety;* at each of the addresses indicated in the bonds." (emphasis added). The bondsman testified at the hearing on the Motion to Correct Errors that her principal, Accredited Surety and Casualty Co., had not received notice and that it had executed an affidavit attesting to such. The bondsman testified that she had received a copy of the order of July 12, 1988, by regular mail. There is no indication in the court's record that notice was sent at all.

■■■■ All of the Indiana case law concerning whether or not notice is required to be given to *both* the bondsman and the surety dealt with the predecessor to IC 27–10–2–12 which only required that notice be given to one· or the other; therefore, these cases are ·not controlling. *See, eg Allied Fidelity Ins. Co. v. State* (1980), Ind.App., 413 N.E.2d 963. However, in replacing statutory provisions, the legislature is presumed to have responded to prior appellate decisions construing these provisions. *Matter of Estate of Waltz* (1980), Ind.App., 408 N.E.2d 558. Therefore, the legislature, in replacing the provisions on bond forfeiture, was presumably responding to the prior case law which stated that notice to *either* the surety or the bondsman was sufficient because the surety/bondsman relationship was an agency relationship and the statute did not require notice to both. *See Allied Fidelity, supra.*

Further, in general "a statutory amendment which changes the language of a prior statute indicates a legislative intention that the meaning of the statute has been changed ..." 26 I.L.E. *Statutes* § 161 (1960). As this court stated in *Economy Oil Corp. v. Indiana Dept. of State Reve-*

*nue* (1975) 162 Ind.App. 658, 665, 321 N.E.2d 215, 219: "another fundamental rule of statutory construction is that a statutory amendment changing a prior statute indicates a legislative intention that the meaning of the prior statute has been changed." These rules, combined with the mandatory language of the statute, clearly persuade us to conclude that the legislature intended to require that *both* the bondsman and the surety must be notified in order for forfeiture to be proper.

The State, in its brief, concedes that Accredited "appears" correct in claiming the statute is mandatory and the failure of notice renders forfeiture improper. The State acknowledges Judge Draper's observation concerning the former statute:

> The statute is somewhat drastic in its operation and the full measure of protection afforded by it to sureties must be accorded to them before a judgment may be entered against them according to its terms. Unless there has been compliance with its provisions, a judgment based thereon is erroneous.

*Starkie v. State* (1943), 113 Ind.App. 589, 49 N.E.2d 968 at 970, quoted in *Allied Fidelity Insurance Co. v. State* (1980), Ind. App., 413 N.E.2d 963.

The statutorily prescribed notice is a condition precedent for bond forfeiture. 8 C.J.S. *Bail* § 162 (1988). The legislature has clearly indicated that, in order to protect the property rights of the surety as well as the bondsman, notice to surrender the defendant must be given to both. If we were to hold that notice to the bondsman only was sufficient, we would be changing the words of the statute, thereby usurping the legislature's authority. We can not do this. Therefore, we hold that notice must be. sent to both the bondsman and the surety.

For the foregoing reasons, we reverse.

CHEZEM and BAKER, JJ., concur.