**FRONTIER INSURANCE COMPANY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 20A04–0111–CR–497.**

Court of Appeals of Indiana.

June 10, 2002.

---

Dane L. Tubergen, Hunt Suedhoff Kalamaros, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Frontier Insurance Company (Frontier) appeals the trial court's denial of its motion to correct errors. Frontier contends that the trial court improperly entered a judgment of forfeiture and imposition of late surrender fees against it because the court failed to meet the statutory notice requirements regarding forfeiture. Finding that: (1) the trial court failed to order the bail agent and surety to immediately surrender the defendant to the court, and (2) the court clerk failed to mail notice of the court's order to the bail agent and surety at the addresses indicated in the bond, as prescribed by Ind.Code § 27–10–2–12(a), we reverse.

## FACTS

The undisputed facts are that Gary D. Liebing was charged with operating a vehicle as a habitual traffic violator and operating a vehicle while intoxicated. He was held in pre-trial detention pending bail in the amount of $6,000. On April 11, 1999, Liebing purchased a bail bond written by bail agent Al McClelland and issued by Frontier. The bail bond provided that notice of the defendant's failure to appear and subsequent bond forfeiture proceedings should be sent to Frontier at 510 Branch Court, Columbia City, Indiana, and to McClelland at P.O. Box 1627 Warsaw, Indiana. Liebing was subsequently released from pre-trial incarceration and ordered to appear before the court on July 19, 1999.

Liebing failed to appear for the July 19, 1999, hearing. In an entry dated July 19, 1999, entitled "CRIMINAL NOTICE VERIFICATION LIST," the court noted that "Bondsman ordered to produce 8–16–99 at 1:30 p.m." Appellant's App. p. 10. The entry indicates that notice was sent to McClelland "c/o Midwest Bonding[,] 510 Branch Court[,] Columbia City[,] IN"—the notice address listed for Frontier on the bail bond.

After the bondsman failed to produce Liebing on August 16, 1999, a bench warrant was issued for Liebing's arrest. In addition, the trial court entered an order initiating bond forfeiture proceedings. The trial court's August 16, 1999 entry was sent to McClelland at the Columbia City,

Indiana, address and to Frontier at an address in Carlsbad, California. The Carlsbad address is the address for Frontier listed on the power of attorney attachment to the bail bond.

On June 22, 2001, the trial court entered a judgment of forfeiture of bail bond and imposition of late surrender fees against Frontier. The judgment of forfeiture was in the amount of $1,200 and the late surrender fees totaled $4,800.

Shortly thereafter, on August 3, 2001, Frontier filed a motion to correct errors, asserting that the trial court's judgment was erroneous because the court failed to meet the statutory notice requirements regarding forfeiture. On October 17, 2001, the trial court denied Frontier's motion to correct errors on the basis that the trial court had adequately complied with the bond forfeiture statute. Appellant's App. p. 31. Frontier now appeals.

### DISCUSSION AND DECISION

■ Frontier contends that the trial court improperly entered a judgment of forfeiture of bond and imposition of late surrender fees against it because the court failed to meet the statutory notice requirements regarding bond forfeiture. According to Frontier: (1) the trial court failed to order the bail agent and surety to immediately surrender the defendant to the court; and (2) the clerk failed to mail notice of the court's order to the bail agent and surety at the addresses indicated in the bail bond, as prescribed by Ind.Code § 27–10–2–12(a).

Where, as here, a cause is tried to the court without a jury, we will not set aside the judgment unless it is clearly erroneous. Ind. Trial Rule 52(A); *Atkins v. Niermeier,* 671 N.E.2d 155, 157 (Ind.Ct.App.1996). A determination is clearly erroneous when a review of the evidence leaves us with a firm conviction that the trial court erred.

*Atkins,* 671 N.E.2d at 157. When the facts of a case are not in dispute and the only allegation of error is that the trial court misapplied the law, our task on review is to correctly apply the law to the undisputed facts. *Id.*

In addressing Frontier's contention that the trial court failed to meet the statutory notice requirements regarding forfeiture, we note that proceedings for forfeiture of a bail bond are governed by Ind.Code § 27–10–2–12 (the bail forfeiture statute). The relevant portions of that statute provide:

(a) If a defendant does not appear as provided in the bond:

(1) the court shall:

(A) issue a warrant for the defendant's arrest; and

(B) order the bail agent and the surety to surrender the defendant to the court immediately;

(2) the clerk shall mail notice of the order to both:

(A) the bail agent; and

(B) the surety;

at each of the addresses indicated in the bonds.

I.C. § 27–10–2–12. The bail forfeiture statute further provides that, upon the bail agent or surety's failure to produce the defendant within the statutorily prescribed period and establish that his absence was not with their consent or connivance, the court shall enter a judgment of forfeiture of the bond and impose statutorily prescribed late fees. I.C. § 27–10–2–12(b), (c), (d).

This court addressed the purpose of the notice requirements of the bail forfeiture statute in *Starkie v. State,* 113 Ind.App. 589, 49 N.E.2d 968, 970 (1943) and *Accredited Surety & Casualty Co. v. State,* 565 N.E.2d 1131, 1132–33 (Ind.Ct.App.1991). In those cases we noted the importance of

the trial court's compliance with the statutory procedures for notice in order to protect the property rights of the surety. In *Starkie*, we addressed the predecessor statute to our current bond forfeiture statute. 49 N.E.2d at 970. Unlike the current statute, which requires that notice of the order be sent to both the surety *and* the bail agent, the predecessor statute provided that notice to either the surety or bail agent was sufficient. *See Accredited Sur. & Cas. Co.*, 565 N.E.2d at 1133. We observed that the purpose of the notice requirement is to afford the bail agent or surety "notice of the forfeiture and [the] opportunity to produce the defendant in court, pay the costs, and satisfy the court that the defendant's absence was not with their consent or connivance and thus save themselves from loss." *Starkie*, 49 N.E.2d at 970. Most importantly, we noted:

> The statute is somewhat drastic in its operation and the full measure of protection afforded by it to sureties must be afforded to them before a judgment may be entered against them according to its terms. *Unless there has been compliance with its provisions, a judgment based thereon is erroneous.*

*Id.* (emphasis added).

More recently, in *Accredited Surety & Casualty Co.*, this court was called upon to interpret the current statute. 565 N.E.2d at 1132–33. The question before this court was whether forfeiture of the bail bond was proper where the bondsman received notice to surrender the defendant but the surety did not. *Id.* at 1132. We noted that the statute is clear and unambiguous and uses the imperative or mandatory "shall." *Id.* at 1133. We determined that the amendment mandating that notice be given to both the bondsman and the surety

reflected the legislative intent to afford a full measure of protection to the property rights of the bondsman and surety. *Id.* Thus, we concluded that "the statutorily prescribed notice is a condition precedent for bond forfeiture" and both the bondsman and surety must be properly notified in order for forfeiture to be proper. *Id.*

Here, the only indication that the trial court issued an order to the bail agent to surrender the defendant was its entry of July 19, 1999. Appellant's App. p. 10. That entry, entitled "CRIMINAL NOTICE VERIFICATION LIST," states that the bond agent was ordered to produce the defendant on August 16, 1999 at 1:30 p.m. Appellant's App. p. 10. However, there is nothing in the record to suggest that a corresponding order was issued to Frontier. Moreover, notice of the trial court's July 19, 1999 order to surrender the defendant was not mailed to McClelland's Warsaw, Indiana, address indicated in the bond. Appellant's App. p. 6, 7, 10. Rather, the court clerk mailed the notice to McClelland at the 510 Branch Court, Columbia City, Indiana, address indicated for Frontier. Appellant's App. p. 6, 7, 10. The trial court also failed to send a copy of its August 16, 1999 entry regarding bond forfeiture to the addresses indicated in the bond. Instead, notice of those entries was mailed to McClelland at Frontier's Columbia City, Indiana, address and to Frontier at an address in Carlsbad, California, which was listed on the power of attorney attachment to the bond.[1] Appellant's App. p. 8, 14.

◼ Nevertheless, the State asserts that the trial court substantially complied with the notice requirements of the bond forfeiture statute because notice to

---

1. We note that the State does not argue that the address on the power of attorney attachment was a part of the bond such that notice

to frontier at either address (California or Columbia City) would suffice to meet the requirements of the bond forfeiture statute.

McClelland at Frontier's Indiana address served as notice to both McClelland and Frontier. However, as the correspondence was addressed to McClelland and not Frontier, it cannot be assumed that Frontier opened that correspondence and received a copy of the notice. Further, because the correspondence was sent to an address other than the one indicated for McClelland in the bond, it cannot be assumed that he received a copy of the notice. Further, we do not find that notice to Frontier's office in California, rather than Indiana, is sufficient to satisfy the statutory requirements. The bond forfeiture statute makes clear that notice must be sent to the addresses indicated in the bond. This is a condition precedent for bond forfeiture and reflects legislative intent that sureties receive a full measure of protection of their property rights before a judgment may be entered against them. *See Accredited Sur. & Cas. Co.,* 565 N.E.2d at 1132; *Starkie,* 49 N.E.2d at 970. Accordingly, even if substantial compliance with the statute would satisfy the notice requirements of the bond forfeiture statute, we would not find adequate compliance in this instance.

Because the trial court failed to send the required notice to the bond agent and the surety at the addresses indicated in the bond, it failed to comply with the statutorily prescribed steps to accomplish bond forfeiture and the imposition of late surrender fees. Thus, the trial court erred in its judgment of forfeiture of the bond and imposition of late surrender fees.

Judgment reversed.

SULLIVAN, J., and DARDEN, J., concur.