STATE of Indiana, Appellant–Plaintiff,

v.

Steve BOLES, Brian Beahn, Christopher Burton, Steven Hardin, Charles Hoover, Jody Johnson, Thomas McKinney, John Stephenson, and Tony Thomas, Appellees–Defendants,

v.

Frontier Insurance Company, and Accredited Surety & Casualty Company, Inc., Appellees–Bail Bond Sureties.

No. 21A04–0302–CR–94.

Court of Appeals of Indiana.

July 28, 2003.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Dane L. Tubergen, Hunt Suedhoff Kalamaros LLP, Fort Wayne, IN, Attorney for Appellees Bail Bond Sureties.

## OPINION

BAILEY, Judge.

### Case Summary

In each of nine cases where a criminal defendant was granted bail, but failed to appear in the Fayette Superior Court, the court clerk purportedly imposed late surrender fees under Indiana's statutory bail scheme. Upon the subsequent motions of surety Frontier Insurance Company ("Frontier") and surety Accredited Surety & Casualty Company, Inc. ("Accredited"), the Fayette Superior Court vacated the clerical imposition of late surrender fees and released the sureties. The State of Indiana challenges that order in this consolidated appeal. We affirm.

### Issue

The State presents the sole issue of whether the trial court order vacating the clerical imposition of late surrender fees and releasing the sureties is contrary to law.

### Facts and Procedural History

On November 30, 1999, Steve Boles ("Boles"), charged with Driving While Suspended, filed an appearance bond in the Fayette Superior Court. On April 3, 2000, the trial court ordered Boles to appear on June 27, 2000 for a guilty plea and sentencing hearing. The Chronological Case Summary entry for that date does not indicate that notice was provided to a bail agent or surety. Boles failed to appear for the hearing on June 27, 2000, and a warrant was issued for his re-arrest. A docket entry indicates that, on April 2, 2001, the court clerk submitted to the Indiana Insurance Commissioner ("Commissioner") a "Notification of Judgment" for late surrender fees. (App. 2.) There is no court

order of record assessing late surrender fees.

On May 17, 1999, Brian Beahn ("Beahn"), charged with Public Intoxication, filed an appearance bond in the Fayette Superior Court. On February 7, 2000, the trial court ordered Beahn to appear on March 24, 2000 for a bench trial. The Chronological Case Summary entry for that date does not indicate that notice was provided to a bail agent or surety. Beahn failed to appear for trial on March 24, 2000, and a warrant was issued for his re-arrest. A docket entry indicates that, on April 2, 2001, the court clerk submitted to the Commissioner a "Notification of Judgment" for late surrender fees. (App. 38.) There is no court order of record assessing late surrender fees.

On July 10, 1997, Christopher Burton ("Burton"), facing charges of Possession of Marijuana and Reckless Possession of Paraphernalia, filed an appearance bond in the Fayette Superior Court. On July 30, 1997, Burton pleaded guilty to the charges against him, and was ordered to appear for sentencing on August 27, 1997. The Chronological Case Summary does not indicate that notice of the sentencing date was provided to a bail agent or surety. Burton failed to appear in court on August 27, 1997, and a warrant was issued for his re-arrest. A docket entry indicates that, on April 2, 2001, the court clerk submitted to the Commissioner a "Notification of Judgment" for late surrender fees. (App. 70.) There is no court order of record assessing late surrender fees.

On February 24, 1997, Steven Hardin ("Hardin"), facing charges of Public Intoxication and Public Indecency, filed an appearance bond in the Fayette Superior Court. On March 5, 1997, Hardin pleaded guilty to the charges against him, and was

ordered to appear for sentencing on July 23, 1997. The Chronological Case Summary does not indicate that notice of the sentencing date was provided to a bail agent or surety. Hardin failed to appear in court on July 23, 1997, and a warrant was issued for his re-arrest. A docket entry indicates that, on April 2, 2001, the court clerk submitted to the Commissioner a "Notification of Judgment" for late surrender fees. (App. 108.) There is no court order of record assessing late surrender fees.

On November 10, 1997, Charles Hoover ("Hoover"), charged with Public Intoxication, filed an appearance bond in the Fayette Superior Court. On June 13, 2000, the trial court ordered Hoover to appear on September 26, 2000 for a guilty plea and sentencing hearing. The Chronological Case Summary does not indicate that notice of the hearing was provided to a bail agent or surety. Hoover failed to appear on September 26, 2000, and a warrant was issued for his re-arrest. On October 24, 2001, the clerk submitted to the Commissioner a "Notification of Judgment" for late surrender fees. (Appellee's App. 5.) There is no court order of record assessing late surrender fees at that time.[1]

On June 7, 1999, Jody Johnson ("Johnson"), charged with Public Intoxication, filed an appearance bond in the Fayette Superior Court. Johnson, who on June 5, 1999 signed a notice form indicating that he was to appear in court on June 11, 1999, failed to appear and a warrant was issued for his re-arrest. On April 3, 2001, the clerk submitted to the Commissioner a "Notification of Judgment" for late surrender fees. (Appellee's App. 6.) There is no court order of record assessing late surrender fees.

---

1. At the hearing held on June 14, 2002, the State advised the trial court that a trial court order for bond forfeiture was entered "the following month." (Tr. 13.)

On October 8, 1997, Thomas McKinney ("McKinney"), charged with Driving While Suspended, filed an appearance bond in the Fayette Superior Court. On April 28, 2000, the trial court ordered McKinney to appear for a jury trial on September 11, 2000. The Chronological Case Summary does not indicate that notice of the trial date was provided to a bail agent or surety. McKinney failed to appear for trial and a warrant was issued for his re-arrest. On August 28, 2001, the clerk submitted to the Commissioner a "Notification of Judgment" for late surrender fees. (Appellee's App. 7.) There is no court order of record assessing late surrender fees.

On January 19, 1999, John Stephenson ("Stephenson"), charged with Resisting Law Enforcement and Disorderly Conduct, filed an appearance bond in the Fayette Superior Court. On August 11, 2000, the trial court ordered Stephenson to appear for a jury trial on October 16, 2000. The Chronological Case Summary does not indicate that notice of the trial date was provided to a bail agent or surety. Stephenson failed to appear for trial, and a warrant was issued for his re-arrest. On November 20, 2001, the clerk submitted to the Commissioner a "Notification of Judgment" for late surrender fees. (App. 317.) There is no court order of record assessing late surrender fees.

On August 2, 1999, Tony Thomas ("Thomas"), charged with Operating a Motor Vehicle as a Habitual Traffic Violator, filed an appearance bond in the Fayette Superior Court. On February 8, 2000, the trial court ordered Thomas to appear for a jury trial on May 8, 2000. The Chronological Case Summary does not indicate that notice of the trial date was provided to a bail agent or surety. On May 8, 2000, Thomas failed to appear for trial and a warrant for his re-arrest was issued. On April 2, 2001, the clerk submitted to the Commissioner a "Notification of Judgment" for late surrender fees. (App. 385.) There is no court order of record assessing late surrender fees.

Frontier and Accredited filed motions to vacate the clerical assessment of late surrender fees in each of the nine cases. On June 14, 2002, the trial court held a consolidated hearing on the motions. On September 9, 2002, the trial court granted the motions. The "Order Vacating Imposition of Late Surrender Fees and Releasing Surety" provides as follows:

> The matter was before the Court for hearing on the Defendant's Motion To Vacate Imposition of Late Surrender Fees And To Release Surety filed herein on April 8, 2002. The Court, having examined the submitted points and authorities and having heard argument of counsel, now finds that the late surrender fees were imposed without order or authorization of the Court, that the late surrender fees were not due under Indiana law, and the imposition of those fees should be vacated, and that the bail bond in this cause has expired and should be released.

(App. 33.) On September 23, 2002, the State filed a Motion to Correct Error, which was deemed denied pursuant to Indiana Trial Rule 53.3 on November 7, 2002. The State filed its Notice of Appeal in each case and, on March 12, 2003, this Court consolidated the nine cases for appeal.

### Discussion and Decision

#### A. Standard of Review

Where a cause is tried to the court without a jury, this Court will not set aside the judgment unless it is clearly erroneous. *Frontier Ins. Co. v. State*, 769 N.E.2d 654, 656 (Ind.Ct.App.2002). A determination is clearly erroneous when a review of the evidence leaves us with a

firm conviction that the trial court erred. *Id.* When the facts of a case are not in dispute and the only allegation of error is that the trial court misapplied the law, our task on review is to correctly apply the law to the undisputed facts. *Id.*

The interpretation of a statute is a question of law reserved for the courts. *Wayne Metal Products Co. v. Ind. Dep't of Envtl. Mgmt.*, 721 N.E.2d 316, 317 (Ind.Ct. App.1999). Appellate courts review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions. *Id.*

■■■ Words and phrases in a single statutory section are construed together with the other parts of the same section and with the statute as a whole, in order that the spirit and purpose of the statute is carried out. *In re Souder's Estate,* 421 N.E.2d 12, 13 (Ind.Ct.App.1981). Moreover, we view the statute within the context of the entire act rather than in isolation. *One 1968 Buick, 4 Door v. State,* 638 N.E.2d 1313, 1317 (Ind.Ct.App.1994).

### B. Indiana's Statutory Bail Scheme

■■ Article I, Section 17 of the Indiana Constitution guarantees the availability of bail for all offenses except murder and treason. The purpose of bail is to ensure the presence of the accused when required without the hardship of incarceration while the presumption of innocence is to be given effect. *Lake County Clerk's Office v. Smith,* 766 N.E.2d 707, 709 (Ind.2002). To that end, the legislature has adopted a comprehensive statutory bail scheme that provides a variety of ways in which a defendant can remain free pending trial. *Id.* One option provided by Indiana Code Section 35–33–8–3.2 is that the defendant may "execute a bail bond with sufficient solvent sureties."

Pursuant to Indiana Code Section 35–33–8–1, a "bail bond" is a bond executed by a person who has been arrested for the purpose of ensuring (1) the person's appearance at the appropriate legal proceeding; (2) another person's physical safety; or (3) the safety of the community. In *Lake County,* the Indiana Supreme Court described the statutory provisions pertinent to the defendant's use of a bail bondsman:

A defendant who executes a bail bond under Indiana Code section 35–33–8–3.2(a)(1)(A) uses a bail agent, commonly referred to as a bail bondsman. A "bail agent" is a person who has been approved by the Commissioner of the Department of Insurance and appointed by an insurer through a power of attorney to execute or countersign bail bonds for the insurer in connection with judicial proceedings for which the person receives a premium. I.C. § 27–10–1–4. A "premium" is the amount of money the defendant pays the bail agent prior to the execution of the bail bond. I.C. § 27–10–1–8. The premium, which is usually ten percent of the bond, is for the bail agent's services. Even if the defendant appears as ordered by the court, he is not entitled to a return of the premium. *Id.* If the defendant fails to appear, then the court issues a warrant for the defendant's arrest and orders the bail agent and the surety to surrender the defendant to the court immediately. I.C. § 27–10–2–12(a). The clerk of the court must mail a notice of this order to both the bail agent and the surety. *Id.*

Before 1985, the court was also required to order the bond forfeited when the defendant failed to appear as ordered. *See* I.C. § 35–4–5–12 (1982). However, the legislature recodified and amended this section in 1985. Pub.L. No. 261–1985, § 12, 1985 Ind. Acts 2034–35. In addition to removing the forfeiture requirement, the amendments provided that the bail agent or surety must:

(1) produce the defendant; or

(2) prove within three hundred sixty-five (365) days:

   (A) that the appearance of the defendant was prevented:

      (i) by the defendant's illness or death;

      (ii) because the defendant was at the scheduled time of appearance or currently is in the custody of the United States, a state, or a political subdivision of the United States or a state; or

      (iii) because the required notice was not given; and

   (B) the defendant's absence was not with the consent or connivance of the sureties.

I.C. § 27–10–2–12(b). As things now stand, if the bail agent or surety does not comply with the above requirements, then the court shall assess a late surrender fee. The fee is graduated from twenty to eighty percent of the face value of the bond, depending on when the bail agent or surety complies with the statutory mandate. *See* I.C. § 27–10–2–12(c). And it is due on the date of compliance or 365 days after the clerk mails notice, whichever is earlier. *Id.* Additionally, the court shall order the bond forfeited only if the bail agent or surety fails to produce the defendant or show that the defendant's appearance was prevented within 365 days of the clerk's mailing of the notice. I.C. § 27–10–2–12(d). Even then, only twenty percent of the face value of the bond is forfeited. *Id.* Once forfeiture is ordered, the court shall immediately enter judgment. *Id.*

766 N.E.2d at 709–10.

### C. Analysis

The State contends that the imposition of late surrender fees by the clerk was appropriate in each of the nine cases because each named defendant failed to appear as ordered and the sureties failed to timely surrender each defendant to the trial court or show that a non-appearance was due to illness, death, incarceration or lack of notice, as required by Indiana Code Section 27–10–2–12(b). The sureties respond that the purported imposition of late surrender fees in each of these cases was contrary to law because: (1) the requirements imposed upon sureties by Indiana Code Section 27–10–2–12(b) are not applicable in the absence of the trial court's compliance with the notice provisions of Indiana Code Section 27–10–2–8; and (2) the imposition of late surrender fees is a judicial function that the court clerk cannot legally assume.

### 1. Notice Requirements of Indiana Code Section 27–10–2–8

Indiana Code Section 27–10–2–8 provides as follows:

(a) The court *shall* give the bail agent or insurer legal notice of the defendant's trial or hearing at least seventy-two (72) hours before the defendant's appearance is required unless the appearance is scheduled within seventy-two (72) hours from the execution of the bond.

(b) The defendant's failure to appear constitutes a breach of the undertaking. The court before which the cause is pending shall make a record of the breach at which time section 12 of this chapter then applies.

(Emphasis added).

As a general rule of construction, when the word "shall" appears in a statute, it is construed as mandatory rather than directory unless it appears clear from the context or the purpose of the statute that the legislature intended a different mean-

ing. *Ind. Civil Rights Comm'n v. Indianapolis Newspapers, Inc.*, 716 N.E.2d 943, 947 (Ind.1999). The interpretation of "shall" as mandatory in this instance is further supported by *Accredited Surety & Cas. Co. v. State*, 565 N.E.2d 1131, 1132 (Ind.Ct.App.1991), wherein this Court, considering the provisions of Indiana Code Section 27–10–2–8(a) in a form substantially similar to the current version, recognized that "the defendant's failure to appear, *after the requisite notice of the trial date has been given,* constitutes a breach of the bondsman's and insurer's undertaking." (emphasis added). It is only after a breach as contemplated by Indiana Code Section 27–10–2–8 occurs that Indiana Code Section 27–10–2–12 "comes into play." *Id.* Finally, in examining the statutes of the Indiana bail scheme as a whole, we find no expressed intent of the legislature that compliance with the notice provisions of Indiana Code Section 27–10–2–12(a) (notice of failure to appear) obviates the necessity of compliance with the notice provisions of Indiana Code Section 27–10–2–8 (notice of trial or hearing), as the State now suggests. Accordingly, we will treat the use of the word "shall" in Indiana Code Section 27–10–2–8 as mandatory.

In each of the instant cases, there is no indication in the court records that notice of the trial or hearing date was provided to the bail agent or surety, as mandated by Indiana Code Section 27–10–2–8(a). As the giving of such notice is a condition precedent to the late surrender fee assessment provisions of Indiana Code Section 27–10–2–12(c), no late surrender fee could properly be assessed in any of these cases. Thus, the trial court did not err in vacating the purported imposition of late surrender fees on this basis.

### 2. Imposition of Fees by Clerk

■ Finally, we address the propriety of the purported imposition of late surrender fees by a trial court clerk. Indiana Code Section 27–10–2–12 provides in pertinent part as follows:

> If the bail agent or surety does not comply with the terms of subsection (b) within one hundred twenty (120) days after the mailing of the notice required under subsection (a)(2), a late surrender fee shall be assessed against the bail agent or surety as follows[.]

> \* \* \*

> (e) Proceedings relative to the bond, forfeiture of a bond, judgment on the forfeiture, execution of judgment, or stay of proceedings *shall be in the court* in which the bond was posted. Costs and late surrender fee assessed against a bail agent or surety under subsection (c) shall be satisfied without further order of the court as provided in subsection (f). The court may waive the late surrender fee or extend the period for payment beyond the statutorily permitted period[.]

(Emphasis added). In 1861, the Indiana Supreme Court recognized that, where the condition of a bail bond to appear and answer a criminal charge is broken, it is the court that declares the forfeiture. *State v. Robb*, 16 Ind. 413 (1861). The current Indiana bail statutory scheme governing late surrender fees and bond forfeiture has not conferred this duty upon a clerk of the court. In *Lake County,* our Supreme Court recognized that, upon the bail agent or surety's non-compliance, *the court* shall assess a late surrender fee. 766 N.E.2d at 710 (emphasis added.) Likewise, in *Frontier,* this Court acknowledged that "upon the bail agent or surety's failure to produce the defendant within the statutorily prescribed period and establish that his absence was not with their consent or connivance, *the court* shall enter a judgment of forfeiture of the bond and impose

statutorily prescribed late fees." 769 N.E.2d at 656 (emphasis added).

The Indiana Constitution, Article 7, § 1, requires that only judges perform judicial acts; thus, when a court official, who is not a duly elected or appointed judge of the court, purports to make an order or judgment, that decision is a nullity. *Floyd v. State*, 650 N.E.2d 28, 29–30 (Ind.1994). Here, the court clerk's purported assessment of late surrender fees in each case was a nullity, and the trial court properly vacated the assessments.

Affirmed.

BROOK, C.J., and NAJAM, J., concur.

