STATE of Indiana, Appellant
(Plaintiff below),

v.

Steve BOLES, Brian J. Beahn, Christopher D. Burton, Steven L. Hardin, Charles R., Hoover, Jody L. Johnson, Thomas McKinney, John H. Stephenson, Tony A. Thomas, Defendants below,

v.

Frontier Insurance Company, and Accredited Surety & Casualty Company, Inc., Appellees (Sureties below).

No. 21S04–0312–CR–604.

Supreme Court of Indiana.

June 29, 2004.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General of Indiana, Indianapolis, IN, Attorneys for Appellant.

Dane L. Tubergen, Fort Wayne, IN, Attorney for Appellees.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 21A04–0302–CR–94.

SULLIVAN, Justice.

Nine defendants failed to appear in court and, pursuant to statute, the clerk of the court imposed late surrender fees on the sureties representing the defendants. The trial court vacated the fees because notice of the appearance date was not provided to the sureties and because the fees were not imposed by court order. We reverse, finding that notice of the appearance date was not required, and that the clerk has the requisite authority, to impose late surrender fees.

## Background

These nine criminal cases have been consolidated for purposes of this appeal. In seven of these nine cases, the defendants were charged with misdemeanors; one was charged with an infraction, a misdemeanor, and a Class D felony; and one was charged with a misdemeanor and two Class D felonies. In each of the nine, the defendants were granted bail after executing bail bonds pursuant to Indiana Code § 35–33–8–3.2(a)(1)(A) (1998). This statute permits defendants to use a bail agent approved by the Commissioner of the Department of Insurance and given the power of attorney by an insurer (surety) to post bail for the defendant in return for a premium. Ind.Code § 27–10–1–4 (1998). The premium is the amount the defendant pays the bail agent to post the bail. *See* Ind.Code § 27–10–1–8 (1998); *Lake County Clerk's Office v. Smith*, 766 N.E.2d 707, 709–10 (Ind.2002). If the defendant appears when required, the bond money posted by the surety is returned to it. Ind.Code § 27–10–2–5(a) (1998); Ind.Code § 27–10–2–6 (1998).

However, the defendants in each of these nine cases failed to appear in the Fayette Superior Court at some point in their respective proceedings when required. Their failure to appear implicates the two statutes that are at the heart of this dispute. The first, Indiana Code § 27–10–2–8 (1998) ("Section 8"), provides:

(a) The court shall give the bail agent or insurer legal notice of the defendant's trial or hearing at least seventy-two (72) hours before the defendant's appearance is required unless the appearance is scheduled within seventy-two (72) hours from the execution of the bond.

(b) The defendant's failure to appear constitutes a breach of the undertaking. The court before which the cause is pending shall make a record of the breach at which time section 12 of this chapter then applies.

The second, Indiana Code § 27–10–2–12 (1998) ("Section 12"), provides:

(a) If a defendant does not appear as provided in the bond:

(1) the court shall:

(A) issue a warrant for the defendant's arrest; and

(B) order the bail agent and the surety to surrender the defendant to the court immediately;

(2) the clerk shall mail notice of the order to both:

(A) the bail agent; and

(B) the surety;

* * *

(b) The bail agent or surety must:

(1) produce the defendant; or

(2) prove within three hundred sixty-five (365) days:

(A) that the appearance of the defendant was prevented:

(i) by the defendant's illness or death;

(ii) because the defendant was at the scheduled time of appearance or currently is in the custody of the United States, a state, or a political subdivision of the United States or a state; or

(iii) because the notice required was not given; and

(B) the defendant's absence was not with the consent or connivance of the sureties.

(c) If the bail agent or surety does not comply with the terms of subsection (b) within one hundred twenty (120) days after the mailing of the notice required under subsection (a)(2), a late surrender fee shall be assessed against the bail agent or surety [pursuant to the provisions of the statute].

Section 8(b) defines a breach of a bail agent or surety's undertaking. If there is a breach, that sets in motion the process under Section 12, whereby a bail agent or surety can be assessed late surrender fees and can be required to forfeit the bond. *See Lake County,* 766 N.E.2d at 710; *Accredited Sur. & Cas. Co. v. State,* 565 N.E.2d 1131, 1132 (Ind.Ct.App.1991). Once the clerk mails notice to the bail agent and surety that a defendant has failed to appear, the bail agent or surety has 365 days to produce the defendant or show good cause why either has not, as set out in Section 12(b)(2). One hundred twenty days after notice, however, late surrender fees begin to be assessed against the bail agent or surety. I.C. § 27–10–2–12(c). The late fees must be paid when the bail agent or surety produces the defendant or after the expiration of 365 days, whichever happens first. *Id.*

The amount of late surrender fees assessed depends on when the bail agent or surety produces the defendant, and the amount ranges from 20% of the face value of the bond after 120 days to 80% of the face value of the bond after 240 days. *Id.* Although the surety can be released from the bond if the defendant is produced within 365 days, the practical effect of assessing late surrender fees seems to be to reduce the amount of money the surety is entitled to have returned to it. If the defendant is not produced within 365 days, then the court will order forfeited an amount equal to 20% of the face value of the bond. This amount will not be returned to the surety.

As noted, each of these nine defendants were granted bail but failed to appear when required. The record does not reflect whether the bail agents or sureties were notified of the date and time for which the defendants were scheduled to

appear. In each such instance, the court issued a warrant for the re-arrest of the defendant and notified the bail agent and surety[1] of the defendant's failure to appear and order for re-arrest.

In each case, after a defendant finally appeared or 365 days had expired, the clerk of the court assessed late fees against the sureties pursuant to the statute. The sureties made motions to vacate the imposition of late surrender fees and to be released from any obligation on the bonds, claiming the fees were imposed without court order, the late fees were not incurred or due, and the bail bonds had expired. The court held a hearing and later granted the sureties' motions. The trial court cited the three reasons given by the sureties as its rationale for vacating the late surrender fees and releasing the sureties. The State appealed the court's order.

The Court of Appeals ruled against the State and affirmed the trial court. *State v. Boles,* 792 N.E.2d 553, 554 (Ind.Ct.App. 2003). The court held that notice under Section 8(a), which the sureties did not receive, was required before late surrender fees could be imposed. *Id.* at 558–59. The court also held that the clerk of the court lacks authority to impose late surrender fees under both the bail statute and the Indiana Constitution. *Id.* at 559–60. We granted transfer, 804 N.E.2d 760 (Ind. 2003) (table), and we now reverse the trial court.

**Discussion**

**I**

The first question raised on appeal is whether the notice provision in Section 8 is a condition precedent to imposing late surrender fees on a bail agent or surety. Phrased differently, the issue is the effect

1. Either Frontier Insurance Company or Accredited Surety & Casualty Company, Inc.

was the surety on the bail bonds for each defendant.

of failure to provide notice under Section 8. The State argues that notice under Section 8 is not a condition precedent to imposing late fees. The sureties respond that Section 8 notice is a condition precedent to a breach, and only after there is a breach does Section 12 apply and late fees can be assessed. Section 8(a) does state that the bail agent or surety "shall" be given this notice and so it appears mandatory. *United ed Rural Elec. Membership Corp. v. Ind. & Mich. Elec. Co.*, 549 N.E.2d 1019, 1022 (Ind.1990) ("When the word 'shall' appears in a statute, it is construed as mandatory rather than directory unless it appears clear from the context or the purpose of the statute that the legislature intended a different meaning."); *accord State v. Indianapolis Newspapers, Inc.*, 716 N.E.2d 943, 947 (Ind.1999). But on further inspection, we conclude that a surety does not enjoy any recourse for failure to receive that notice.

Before 1985, Indiana bail law explicitly conditioned a breach of a bail agent or surety's undertaking on notice having been given to the bail agent or surety. The Bail Act of 1961 read:

> If there is a breach of the undertaking, the court before which the cause is pending shall make a record thereof and shall declare the undertaking, and any money or bonds that have been deposited as bail, forfeited: *Provided, however, the bail bondsman or the insurer shall have had legal notice of the trial or hearing of defendant* at least seventy-two [72] hours before required appearance of defendant, unless the appearance is scheduled within that time from the execution of bond.

Ind.Code § 35–4–5–8 (1975) (emphasis added).

When this statute was in place, forfeiture was automatic. *Id.;* Ind.Code § 35–4–5–10 (1975); Ind.Code § 35–4–5–12 (1975). The law provided that "[i]n case the defendant shall not appear as provided in the bond, the court shall thereupon declare the bond forfeited. . . ." I.C. § 35–4–5–12. Because such a drastic measure was taken against the bail agent or surety when a defendant did not appear, it was important that the bail agent or surety have notice of a defendant's appearance date before either could be held to have breached its undertaking.

In 1985, this structure was changed with a new bail statute. *See* P.L. 261–1985, § 1. Section 8 was added in substantially similar form to that in effect today. It is also similar to the Bail Act of 1961, except for the important fact that the conditional language was removed. Rules of statutory construction suggest that this change matters. We have stated on numerous occasions that "A fundamental rule of statutory construction is that an amendment changing a prior statute indicates a legislative intention that the meaning of the statute has changed." *United Nat'l Ins. Co. v. DePrizio*, 705 N.E.2d 455, 460 (Ind.1999); *accord Gingerich v. State*, 228 Ind. 440, 445, 93 N.E.2d 180 (Ind.1950); *Chism v. State*, 203 Ind. 241, 244, 179 N.E. 718 (Ind.1932); *Sec. Trust Corp. v. Estate of Fisher*, 797 N.E.2d 789, 793 (Ind.Ct.App. 2003); *trans. denied*, 2004 Ind. LEXIS 179 (Ind. Feb. 24, 2004). We have also relied on a rule of statutory construction to the effect that when language from an earlier version of a statute is deleted, the Legislature intended to change the law by removing that language. *Joe v. Lebow*, 670 N.E.2d 9, 19 (Ind.Ct.App.1996); *Frey v. Review Bd. of Ind. Employment Sec. Div.*, 446 N.E.2d 1341, 1344 (Ind.Ct.App.1983).

At the same time that Section 8 was changed, Section 12 was added and it eliminated provisions making forfeiture automatic. *See* P.L. 261–1985, § 1. The 1985 version of Section 12 gave bondsman 90 days to produce the defendant or prove

certain facts before late surrender fees were assessed. P.L. 261–1985, § 12, c.2, s.12. After 210 days, if the bondsman did not comply, part of the bond was forfeited. *Id.* Unlike under the previous bail law, under Section 12, a breach of the bail agent and surety's undertaking did not result in automatic forfeiture of the bond. The breach started the clock running for the imposition of late surrender fees and ultimately forfeiture, but nothing happened at the moment of the breach. This is true under the current Section 12. What is important here is that the conditional language of Section 8 was removed at the same time that the law was changed so that forfeiture was no longer automatic. These simultaneous changes in the bail law indicate to us that the Legislature does not intend Section 8(a) notice to be a condition precedent to a breach of the undertaking.

This construction does not render the section a nullity, as the sureties contend. It sets out the ideal procedure to be followed but recognizes the practical difficulties of having to provide notice every time a defendant has a trial or hearing date. Moreover, industry practice supports this view. Counsel for the sureties stated at oral argument that most counties do not issue notice to the bail agent or surety every time a defendant has a trial or hearing date. He acknowledged that that would be "very cumbersome and extremely expensive." He also acknowledged that there are no practical consequences for failure to receive a Section 8 notice and nothing would be different if Section 8 were repealed, except that it begins the running of the time period in which the bail agent or surety must comply with Section 12.

■ We find that the change in the statutory language and the deletion of the conditional language was intended to make the two provisions of Section 8 independent of one another. Under Section 8(a), notice must be provided, but that notice does not affect whether there is a breach under Section 8(b). The trial court's failure to provide Section 8(a) notice to the bail agents or sureties of the defendants' appearance dates therefore is not a defense to the imposition of late surrender fees or forfeiture.

## II

The second question on appeal is whether the clerk of the court has the authority to assess late surrender fees against a bail agent or surety. As previously mentioned, at the point the late surrender fees became due and owing, the clerk in these cases assessed the fees without an explicit court order to that effect. We find that the clerk does have this authority, and that such action by the clerk violates neither the bail statute nor the Indiana Constitution.

Turning first to the sureties' argument that such action by the clerk was not authorized under the bail statute, we find Section 12 instructive. The language of Section 12 differs between the provision relating to late surrender fees and that relating to forfeiture. Section 12(c) states that "a late surrender fee *shall be assessed* against the bail agent or surety." I.C. § 27–10–2–12(c) (emphasis added). It makes no reference to judicial action. In contrast, Section 12(d) states that "the *court shall declare* forfeited an amount equal to 20% of the face value of the bond." I.C. § 27–10–2–12(d) (emphasis added). It specifically requires judicial action for forfeiture. We find that this difference in treatment indicates the Legislature's intent that assessment of late surrender fees does not require explicit judicial action whereas forfeiture can only occur upon a declaration thereof by the court.

In finding that the clerk lacks authority to assess late surrender fees, the Court of Appeals found the following sentence in Section 12(e) of consequence: "Proceedings relative to the bond, forfeiture of a bond, judgment on the forfeiture, execution of judgment, or stay of proceedings shall be in the court in which the bond was posted." I.C. § 27–10–2–12(e). But this subsection does not prescribe when proceedings are required. It dictates only that if there are such proceedings, they are to be held in the court in which the bond at issue was posted, as opposed to permitting collateral attack in, for example, the court where the criminal proceedings are actually held. This interpretation is supported by the preceding Section 12(d), which states as to forfeiture, the court shall enter the "judgment ... without pleadings and without change of judge or change of venue." I.C. § 27–10–2–12(d).

■ The sureties also rely on language of Section 12(e) that provides that "[c]osts and late surrender fee[s] assessed against a bail agent or surety under subsection (c) shall be satisfied without further order of the court as provided in subsection (f)." I.C. § 27–10–2–12(e). They argue that the "phrase 'without further order of the court' implies that there was ... an actual order of the court in the first place." (Br. in Resp. to Pet. to Transfer at 11.) This interpretation is incorrect. In fact, the language in Section 12(e) relates to the satisfaction of costs and fees assessed against a bail agent or surety. Section 12(f) provides that if the insurer does not pay costs and fees as assessed, the Commissioner of the Department of Insurance will pay them after receiving notice from the clerk of the court. The Section 12(e) language, then, means that after receiving notice from the clerk, the Commissioner is required to make the payments without having to be ordered to do so by the court.

It is not relevant to the issue of the clerk's authority to assess late surrender fees.

Finally, both the Court of Appeals and the sureties have pointed to *Lake County*, 766 N.E.2d at 710, which, in describing the statute, said "if the bail agent or surety does not comply ... then the court shall assess a late surrender fee." In that case, however, the question of *who* could actually assess the fees was not in issue. "Court" often refers generally not only to the judge but also to those who carry out its ministerial functions. The reference in *Lake County* should be understood in that context.

We find that Section 12 does not prohibit the clerk of the court from assessing late surrender fees.

Article VII, § 1, of the Indiana Constitution also does not prohibit the clerk from assessing late surrender fees. From time to time, we have been called upon to distinguish between those acts which our State Constitution requires to be performed by judges and those which can be performed on behalf of the court by others. *See, e.g., Floyd v. State*, 650 N.E.2d 28 (Ind.1994); *State ex rel. Smith v. Starke Circuit Court*, 275 Ind. 483, 417 N.E.2d 1115 (1981); *Shoultz v. McPheeters*, 79 Ind. 373 (1881). The statutory provision for assessing late surrender fees is self-executing; no judicial act is necessary. The fees are imposed by operation of law, and the clerk performs the ministerial task of assessing those fees as set out in the statute. The Constitution does not prohibit this.

**III**

The final question on appeal is whether the trial court properly vacated the late surrender fees. The State argues that the trial court's vacation of late surrender fees was "clearly erroneous." (Pet. to Transfer at 4.)

The only statutory authority for a trial court to vacate late surrender fees is contained in Indiana Code § 27–10–2–12(e).[2] It states in relevant part:

> The court may waive the late surrender fee ... if the following conditions are met:
>
> (1) A written request is filed with the court and the prosecutor.
>
> (2) The surety or bail agent provides evidence satisfactory to the court that diligent efforts were made to locate the defendant.

In vacating the late surrender fees and releasing the sureties, the trial court stated as its rationale that "the late surrender fees were imposed without order or authorization of the Court, that the late surrender fees were not due under Indiana law, and the imposition of those fees should be vacated, and that the bail bond in this cause has expired and should be released." (*E.g.*, Appellant's App. at 33.)

These are not proper grounds for vacating late surrender fees under the statute. Additionally, as earlier stated, late surrender fees can be assessed without a court order. And, according to the records, it certainly appears that late surrender fees were due under the law. We therefore remand these cases to the trial court to rule on the motions to vacate the late surrender fees in a manner consistent with this opinion. No question is raised as to the release of the sureties and we do not address that issue.

### Conclusion

We find that notice to a bail agent or surety under Section 8(a) is not required in order to impose late surrender fees upon a bail agent or surety under Section 12(c) or to find a forfeiture of a bond under Section 12(d). We also find that the clerk of the court has the authority to impose late surrender fees. Having previously granted transfer, Ind. Appellate Rule 58(A), we reverse the judgments of the trial court in these nine cases and remand them to the trial court to review its orders vacating the late surrender fees.

DICKSON, BOEHM, and RUCKER, JJ., concur. SHEPARD, C.J., is not participating.

---

**2.** Implicitly, there is an additional ground for the court to vacate late surrender fees. Under Indiana Code § 27–10–2–12(b)(2)(A)(iii), the failure of the court to provide notice to the bail agent and surety that an order has issued for the surrender of the defendant is a defense to the imposition of late surrender fees. If late surrender fees are imposed despite this lack of notice, then presumably the court could vacate those late surrender fees. *See Accredited Sur. & Cas. Co. v. State*, 565 N.E.2d 1131, 1132 (Ind.Ct.App.1991) (stating that notice under Section 12 is a condition precedent to the forfeiture of a bond); *accord Frontier Ins. Co. v. State*, 769 N.E.2d 654, 657 (Ind.Ct.App.2002).