RUCKER, Justice,
concurring in part and dissenting in part.
I would grant Azania’s petition for rehearing for the reasons expressed in my dissent to this Court’s original majority opinion. See State v. Azania, 865 N.E.2d 994, 1013-16 (Ind.2007) (Rucker, J., dissenting). As for the State’s petition for rehearing, I agree with the majority that the 2002 version of the death penalty statute is applicable in this case. However, I disagree with the majority’s conclusion that life without parole is not a sentencing option.
As added by Pub.L. No. 117-2002, Indiana Code § 35-50-2-9(e) provides in pertinent part: “For a defendant sen *706 tenced after June 30, 2002, ... if the hearing is by the jury, the jury shall recommend to the court whether the death penalty or life imprisonment without parole, or neither, should be imposed.” Of course in the event the jury recommends “neither” it may recommend a term of years. See I.C. § 35-50-2-3 (Supp.2002) (“A person who commits murder shall be imprisoned for a fixed term of fifty-five (55) years, with not more than ten (10) years added for aggravating circumstances or not more than (10) years subtracted for mitigating circumstances .... ”). The majority is correct that when life without parole was included as a sentencing option in 1993, a savings clause was included that provided “IC 35-50-2-3 and IC 35-50-2-9, as amended by this act, only apply to murders committed after June 30, 1993.” Pub.L. No. 250-1993 § 3. The majority says that this 1993 savings clause applies to the 2002 amended statute. But how can that be? The Legislature could have included a similar savings clause to the 2002 amendment. It did not. Unlike the majority I think it inappropriate to speculate on what the “Legislature probably foresaw.” Op. at 705. “[I]n construing criminal statutes, we are not concerned with what the Legislature might have done. We are concerned only with determining the legislative intent as expressed in the statute.” Smith v. State, 675 N.E.2d 693, 697 (Ind. 1996) (citation omitted). It appears to me the Legislature expressed its intent in 2002 with clear and unambiguous language and simply repealed a prior amendment. When language from an earlier statute is deleted by amendment, it is presumed that the Legislature intended to change the law. See, e.g., State v. Boles, 810 N.E.2d 1016, 1019 (Ind.2004); United Nat’l Ins. Co. v. DePrizio, 705 N.E.2d 455, 460 (Ind.1999). Because Azania is to be sentenced according to the 2002 statute, its entire provisions should apply, including the possibility of life without parole. On this point I respectfully dissent.